436 So.2d 420 (1983)
SHARIF Sharif, Appellant,
v.
STATE of Florida, Appellee.
No. 82-166.
District Court of Appeal of Florida, Fourth District.
August 24, 1983.
*421 Gregory Scott of Craft, Craft & Scott, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
This case calls for an interpretation of Rule of Criminal Procedure 3.191(b)(2), the subsection which establishes the speedy trial time frame for a misdemeanor and felony which have been "consolidated" for disposition. We hold that "consolidated" as used in the rule is to be accorded its plain meaning: to join together into one whole; it encompasses joinder and consolidation.
The factual context of the case is simple. The state filed a two-count information which charged the defendant with battery, a misdemeanor, and false imprisonment, a felony. After the expiration of ninety days, but before trial, the defendant filed a motion to discharge. He claimed that the state's failure to bring him to trial within ninety days on the misdemeanor charge or, in the alternative, the failure to obtain a court order consolidating the two offenses prior to the expiration of ninety days, mandated dismissal of the misdemeanor count. The trial court denied the motion and set the case for jury trial. Ultimately, the defendant was found not guilty of false imprisonment, the felony charge, and guilty of assault, a lesser included offense to the misdemeanor charge. On appeal, the defendant contends that the trial court erred in failing to grant the motion for discharge. We disagree.
At the outset, we note that there is a line of cases which holds that when a felony and misdemeanor are joined in a single charging document, the ninety-day speedy trial period applicable to misdemeanors continues in force. Pouncy v. State, 296 So.2d 625 (Fla. 3d DCA 1974); Sibert v. Hare, 276 So.2d 523 (Fla. 4th DCA 1973). These cases, however, were decided prior to the adoption of Rule 3.191(b)(2), Fla.R.Crim.P., which provides that "[w]here a felony and misdemeanor are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony."[1] The committee note explains that "[t]o claim benefit under this provision, the crimes must be consolidated before the normal time period applicable to misdemeanors has expired." The foregoing language makes it obvious that the expanded time frame of Rule 3.191(b)(2) applies to offenses which are consolidated pursuant to Rule 3.151, Fla.R.Crim.P. The question we must address is whether the expanded time frame is also applicable to offenses which are joined pursuant to Rule 3.150, Fla.R. Crim.P.
Prior to the adoption of Rule 3.191(b)(2), informations or indictments charging a felony and a misdemeanor were subject to two different speedy trial time frames: ninety days for the misdemanor and one hundred and eighty days for the felony. In practical terms, however, the state had to sacrifice the last ninety days of the one hundred and eighty day felony period in order to try the offenses together. This required the state to prepare serious and often complex cases for trial in compressed time frames. It also required the court to shoulder the management problem of monitoring this special category of cases which differed from all other cases in the circuit court. Rule 3.191(b)(2), Fla.R.Crim.P., resolved these problems by providing for a uniform speedy trial time frame for all offenses consolidated for disposition.
The rules of criminal procedure permit unification of offenses through two methods: (1) joinder pursuant to Rule 3.150, Fla.R.Crim.P., and (2) consolidation pursuant to Rule 3.151, Fla.R.Crim.P. Joinder of offenses occurs when the state files an information or indictment containing two or more counts. On the other hand, "two things must concur for a trial consolidation to be effective, namely, it must be *422 upon motion of a party to the cause and it must be ordered by the Court... ." Kilgore v. State, 271 So.2d 148, 150 (Fla. 2d DCA 1972).
Although joinder and consolidation are achieved through different procedures, they share the same standards and safeguards. For example, in Paul v. State, 385 So.2d 1371 (Fla. 1980), the supreme court partially adopted Judge Smith's dissent which stressed the commonality between joinder and consolidation. Judge Smith noted that both "consolidation rule 3.151 and its counterpart, joinder rule 3.150 refer to `connected acts or transactions' in an episodic sense... ." Paul v. State, 365 So.2d 1063, 1065-66 (Fla. 1st DCA 1979). Similarly, another court noted that "if offenses cannot be joined, they cannot be consolidated; and if they cannot be consolidated, they cannot be joined." Macklin v. State, 395 So.2d 1219, 1220 n. 2 (Fla. 3d DCA 1981). The only distinction between joinder and consolidation is that joinder is accomplished unilaterally by the state whereas consolidation is achieved through the exercise of judicial discretion.[2]Ashley v. State, 265 So.2d 685 (Fla. 1972). On closer inspection, however, it becomes evident that this is a distinction without a difference. Joinder too can be subjected to judicial review by a motion to sever. See Rule 3.152(a), Fla.R.Crim.P.; Crum v. State, 398 So.2d 810 (Fla. 1981).
It is clear that the rules of civil and criminal procedure have been carefully crafted with an eye toward their precise application. See, e.g., Casto v. Casto, 404 So.2d 1046 (Fla. 1981). Even so, we are convinced that the drafters of Rule 3.191(b)(2) did not intend that the word "consolidated" be construed narrowly, as a legal term of art. In our view, it would be senseless to construe "consolidated" in such a restrictive fashion. It would only discourage the state from exercising its prerogative of joining offenses while still permitting the state to achieve the same result by filing separate informations and then moving for and obtaining an order of consolidation. This circuitous process would hinder the efficient administration of justice without adding any greater protection to the defendant's rights. Hence, we hold that the word "consolidated" as used in Rule 3.191(b)(2), Fla.R.Crim.P., is to be given its plain meaning: to join together into one whole. This construction encompasses joinder as well as consolidation, thus preserving the present scheme which is both balanced and workable.
Turning to the case at bar, we note that the defendant failed to challenge the state's decision to join the misdemeanor offense of battery with the felony offense of false imprisonment. Therefore, he waived his right to attack the validity of joinder on appeal. In accord with our construction of Rule 3.191(b)(2), Fla.R.Crim.P., we hold that the speedy trial time frame for disposition of both offenses in the case at bar was one hundred and eighty days. Thus, the judgment on appeal is
AFFIRMED.
DOWNEY and BERANEK, JJ., concur.
NOTES
[1] Rule 3.191(b)(2), Fla.R.Crim.P., took effect on January 1, 1981. In re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980).
[2] Brown v. State, 424 So.2d 950, 954 (Fla. 1st DCA 1983), characterized the state's ability to join offenses as a "right."