COWART, Judge.
Petitioner seeks a writ of prohibition, alleging that the trial court lacks jurisdiction to proceed against him in the prosecution of certain misdemeanor charges because his right to a speedy trial of those charges has been violated under Rule 3.191, Florida Rules of Criminal Procedure. We agree and grant the petition for writ of prohibition.
Petitioner was arrested after the motor vehicle he was driving was involved in an accident. An information charging him with two misdemeanors was filed by the State. More than 90 days after his arrest, petitioner filed a motion to discharge that information. At the hearing on the motion to discharge, the State did not argue that the speedy trial time had not lapsed, but instead advised the court that it had that day filed a new information, charging the petitioner with the same two misdemeanors plus an additional felony arising from the same episode. The trial court held that the filing of the new information mooted the motion for discharge. When the trial court denied petitioner’s motion to discharge the second information, petitioner filed a petition for writ of prohibition with this court.[1]
Although it is true that when felony and misdemeanor charges are consolidated for disposition in the circuit court, the misdemeanor is governed by the felony speedy trial time period, such a consolidation cannot be used to avoid the effect of the speedy trial rule. Fla.R.Crim.P. 3.191(h)(2). As noted in State v. McDonald, 538 So.2d 1352 (Fla. 2d DCA 1989), the State cannot avoid the intent and effect of the speedy trial rule and engineer its own extension of speedy trial limits by dropping misdemean- or charges after a timely motion for discharge is filed and then later refiling felony and misdemeanor charges arising from the same episode, in an attempt to revitalize the misdemeanors. Florida Rule of Criminal Procedure 3.191(i)(2) specifically requires that “In the case of a defendant charged with a misdemeanor, the defen *916 dant. shall, upon motion timely made with the court at the expiration of the prescribed time period, be forever discharged from the crime.” (emphasis added) The fact that the trial of the information was scheduled to take place within 15 days of the filing of the motion for discharge is irrelevant, since the amendment to the rule eliminating the requirement of immediate discharge is not applicable to misdemeanors. See Fla.R.Crim.P. 3.191(i)(2). See also State v. Long, 513 So.2d 237 (Fla. 3d DCA 1987). Accordingly, the petition for writ of prohibition is granted and the trial court is directed to discharge the petitioner from further prosecution.
DAUKSCH and DANIEL, JJ., concur.

. This court stayed the trial of the misdemeanor charges, pending consideration of the petition for writ of prohibition, but the trial of the felony count proceeded as scheduled and petitioner was acquitted.