564 So.2d 612 (1990)
Glenn LIVINGSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1235.
District Court of Appeal of Florida, First District.
July 31, 1990.
Michael E. Allen, Public Defender and Kathleen A. Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Glenn Livingston (appellant) brings this appeal from a judgment and sentence for battery and resisting arrest with violence. The issue raised is whether the trial court erred in denying his motion for discharge, on speedy trial grounds, of the misdemeanor count charging battery. We hold that the trial court did err and reverse appellant's conviction for battery.
Appellant was arrested on September 26, 1988, and was subsequently charged by information with battery on a law enforcement officer and resisting with violence. The information was amended on March 22, 1989, to add the misdemeanor count of simple battery. On the date set for trial, defense counsel moved for discharge of the additional battery count on the basis that it was added after the speedy trial time had run on the misdemeanor. In denying the motion, the trial court was of the view that the "critical distinction in these cases is the question of whether the joinder of a misdemeanor count for [sic] the felony count was done with the intent to circumvent the speedy trial rule." The court found no evidence of that intent in the instant case. Trial was held and the jury found appellant not guilty of the count charging battery on a law enforcement officer, but guilty as charged of the other two counts.
Florida Rule of Criminal Procedure 3.191(a)(1) provides a 90-day speedy trial time for misdemeanors. However, Rule 3.191(b)(2) allows:
Where a felony and misdemeanor are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony.
The committee note to the rule provides that "[t]o claim benefit under this provision, the crimes must be consolidated before the normal time period applicable to misdemeanors has expired."
In arguing that the trial court erred in denying his motion for discharge, appellant *613 relies heavily on the committee note. He urges that the principle expressly stated in the note derives from the general principle that failure to bring a case to trial within the speedy trial period defeats the court's jurisdiction to decide a case. See generally, Sherrod v. Franza, 427 So.2d 161 (Fla. 1983). Thus, appellant argues that under Rule 3.191(b)(2), jurisdiction once established may be extended for purposes of the misdemeanor, but once jurisdiction runs out by expiration of the speedy trial time, it cannot be revived by consolidating or joining the misdemeanor count with a felony count.
On the other hand, the state asserts that there was no bad faith or attempt to circumvent the speedy trial rule on the prosecutor's part. Moreover, since the committee note upon which appellant relies was not adopted by the supreme court, see The Florida Bar, In re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980), the state submits that this court is not bound to follow the note even if its language would compel the result urged by appellant. Additionally, the state complains that appellant's interpretation would absolutely bar the state's good faith amendment of the felony information simply because it added a misdemeanor more than 90 days after arrest.
We agree with appellant that the good faith, vel non, of the prosecutor would not save this case from discharge. Rule 3.191(i)(2), in effect in 1988, provides that a defendant shall be discharged on a timely motion if he is not brought to trial within 90 days of his arrest on a misdemeanor charge. But see, In re Amendment to Florida Rule of Criminal Procedure, 3.191 (Speedy Trial), 542 So.2d 1330 (Fla. 1989). In Sharif v. State, 436 So.2d 420 (Fla. 4th DCA 1983), the Fourth District made the following observations concerning the utility of Rule 3.191(b)(2):
Prior to the adoption of Rule 3.191(b)(2), informations or indictments charging a felony and a misdemeanor were subject to two different speedy trial time frames: ninety days for the misdemeanor and one hundred and eighty days for the felony. In practical terms, however, the state had to sacrifice the last ninety days of the one hundred and eighty day felony period in order to try the offenses together. This required the state to prepare serious and often complex cases for trial in compressed time frames. It also required the court to shoulder the management problem of monitoring this special category of cases which differed from all other cases in the circuit court. Rule 3.191(b)(2), Fla.R.Crim.P., resolved these problems by providing for a uniform speedy trial time frame for all offenses consolidated for disposition.
However, the utility of the rule as observed in Sharif can reasonably only apply to those cases where the speedy trial time has not run on the misdemeanor counts. Jurisdictional problems arise when speedy trial time runs and it cannot be "revived" merely by the prosecutor's consolidating it or joining it with a felony count, whether or not the prosecutor did so in good faith. Compare Coleman v. Eaton, 540 So.2d 915 (Fla. 5th DCA 1989); State v. McDonald, 538 So.2d 1352 (Fla. 2d DCA 1989). In reaching this result, we find the committee note highly persuasive and consistent with the case authority cited herein. Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984).
Based on the foregoing, we REVERSE appellant's judgment and sentence for the misdemeanor count of battery and REMAND with instructions that appellant's conviction be discharged. However, this result does not affect appellant's conviction for resisting with violence.
BARFIELD and WOLF, JJ., concur.