FARMER, Judge.
A defendant convicted only of misdemeanors presents a speedy trial issue that we have not previously confronted, relating to differing times for felonies and misdemeanors, where the misdemeanors were later added to an information charging only felonies. Because we conclude that the misdemeanors were added after the time for a speedy trial on them had already run, we conclude that they were improperly added to the information. In so doing, we reverse the contrary decision of the trial court.
The defendant was charged with two counts of grand theft in an information filed 18 December 1991, which alleged in Count I that the defendant did:
“on diverse dates between MARCH 1,1990 and SEPTEMBER 11, 1990 ⅜ * * unlawfully and knowingly obtain or use or endeavor to obtain or to use the property of another, to-wit: U.S. Currency, the property of Ron Derby as owner or custodian, of the value of $20,000.00 or more, but of the value of less than $100,000.00, with intent to either permanently or temporarily deprive the true owner of his/her/its right to the property or a benefit therefrom or to appropriate the property to the *1090 use of the taker or to the use of any person not entitled thereto * * * [;] ”
and which alleged in count II that the defendant did:
“on diverse dates between MARCH 1,1990 and SEPTEMBER 11, 1990 * * * unlawfully and knowingly obtain or use or endeavor to obtain or to use the property of another, to-wit: U.S. Currency, the property of Hank Lintel as owner or custodian, of the value of $300.00 or more, but of the value of less than $20,000.00, with intent to either permanently or temporarily deprive the true owner of his/her/its right to the property or a benefit therefrom or to appropriate the property to the use of the taker or to the use of any person not entitled thereto * * ⅜.”
Defendant had been arrested for these felonies six days earlier, or on December 12th. Seven months later, or on 9 July 1992, the state filed an Amended Information, alleging the same two grand theft charges as counts I and V, but which added six additional counts designated as “Contractor Fraud.” Each of the new counts charged a misdemeanor. These new or added charges are stated as follows:
Count II: “on or about April 26, 1990 in the county of St. Lucie and State of Florida did after receiving payments in the amount greater than $20,000 on account of improving real property of Ron Derby, fail to apply such portion of the payment to the payment then due and owing for services, labor, and material which had been furnished for such improvement prior to receiving the payment, in violation of § 713.345;”
Count III: “on or about May 8, 1990 in the county of St. Lucie and State of Florida did after receiving payments in the amount greater than $20,000 on account of improving real property of Ron Derby, fail to apply such portion of the payment to the payment then due and owing for services, labor, and material which had been furnished for such improvement prior to receiving the payment, in violation of § 713.345;”
Count IV: “on or about June 6, 1990 in the county of St. Lucie and State of Florida did after receiving payments in the amount less than $20,000 on account of improving real property of Ron Derby, fail to apply such portion of the payment to the payment then due and owing for services, labor, and material which had been furnished for such improvement prior to receiving the payment, in violation of § 713.345;”
Count VI: “on or about July 24, 1990 in the county of St. Lucie and State of Florida did after receiving payments in the amount less than $20,000 on account of improving real property of Hank Lintel, fail to apply such portion of the payment to the payment then due and owing for services, labor, and material which had been furnished for such improvement prior to receiving the payment, in violation of § 713.345;”
Count VII: “on or about August 3, 1990 in the county of St. Lucie and State of Florida did after receiving payments in the amount less than $20,000 on account of improving real property of Hank Lintel, fail to apply such portion of the payment to the payment then due and owing for services, labor, and material which had been furnished for such improvement prior to receiving the payment, in violation of § 713.345;”
Count VIII: “on or about August 20, 1990 in the county of St. Lucie and State of Florida 1990 did after receiving payments in the amount less than $20,000 on account of improving real property of Hank Lintel, fail to apply such portion of the payment to the payment then due and owing for services, labor, and material which had been furnished for such improvement prior to receiving the payment, in violation of § 713.345.”
Defendant promptly moved to dismiss these additional counts as untimely under both the speedy trial rule and the statute of limitations. The state amended the complaint several times, and it was in the fourth amended version that the misdemeanor counts were called “Misapplication of Construction Funds” rather than “Construction Fraud”. The trial judge denied defendant’s motion to dismiss, and the jury found the *1091 defendant guilty only of the misdemeanor Counts VII and VIII. The judge withheld adjudication and placed the defendant on probation for two consecutive one year terms.[1] This appeal followed.
In Livingston v. State, 564 So.2d 612 (Fla. 1st DCA 1990), the first district reversed a judgment and sentence on a misdemeanor count added after more than 90 days had elapsed since the felony arrest. The added misdemeanor count arose from the same criminal episode. In reaching this result, the court found the drafting committee’s note on Florida Rule of Criminal Procedure 3.191(a) highly persuasive that “the crimes must be consolidated before the normal time period applicable to misdemeanors has expired” in order for the longer felony period to control the speedy trial time on added misdemeanors. The court said:
“Jurisdictional problems arise when speedy trial time runs, and it cannot be ‘revived’ merely by the prosecutor’s consolidating it or joining it with a felony count, whether or not the prosecutor did so in good faith.”
564 So.2d at 613. In the present case, we find that the added charges arose from the same criminal episode as the original felony charges.[2] Hence, the holding of Livingston is fully applicable here.
The state also argues that defendant waived speedy trial because he had not filed a demand for speedy trial before the misdemeanor charges were added in the amended information. This argument overlooks the text of rule 3.191(a) which plainly provides that its speedy trial time periods are effective without demand. We also note that defendant here did not waive speedy trial during the 90 days following the arrest. Although he did later stipulate to a continuance, that occurred after the misdemeanor counts had already been added.
Because the jury in this case found defendant guilty only of counts VII and VIII, two of the misdemeanor counts added after speedy trial time had already passed, we reverse his conviction and discharge the defendant.
REVERSED.
STEVENSON, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. The judgment incorrectly states that the defendant was adjudicated guilty and that the defendant entered a plea of nolo contendere to these offenses. We direct that on remand the judgment be corrected to reflect the correct disposition.

. On appeal the state argues that the misdemean- or charges did not arise from the same criminal episode. This appellate argument is inconsistent with the position taken by the state below where, in order to avoid a statute of limitations defense, the state contended that the misdemeanors were part of the felony criminal episode. We reject the state's appellate argument.