PER CURIAM.
The appellant, Wakeene Rashon Blanche, was convicted of burglary, a first degree felony punishable by life,[1] and misdemeanor battery[2] for an altercation at the apartment of a former girlfriend. The crimes occurred on December 27, 1997, and he was arrested shortly thereafter. The State filed the information on January 16, 1998, but it contained only the burglary charge relevant to the events of December 27, 1997.[3] On the morning of trial, January 21, 1999, over two years after the commission of the crimes, Mr. Blanche’s arrest, and the filing of the information, the trial court allowed the State to amend the information to add the misdemeanor battery charge. The jury found the appellant guilty of both crimes. Mr. Blanche now contends that the trial court erred in allowing the amendment because the statute of limitations had run on the misdemeanor battery, as well as the time for speedy trial. See § 775.15(2)(c), Fla. Stat. (1997); Fla. R.Crim. P. 3.191(a); Goldman v. State, 645 So.2d 1089 (Fla. 4th DCA 1994). The State properly concedes the error and we reverse with directions to vacate Mr. Blanche’s misdemeanor battery conviction.'
Reversed and remanded with directions.
PATTERSON, C.J., and CAMPBELL and CASANUEYA, JJ., Concur.

. § 810.02(2)(a), Fla. Stat. (1997).

. § 784.03(l)(b), Fla. Stat. (1997).

.An unrelated charge was also originally contained in this information but it was severed before trial and the appellant eventually pleaded to it.