791 So.2d 574 (2001)
Felix ALVAREZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D01-794.
District Court of Appeal of Florida, Fourth District.
August 8, 2001.
Samuel J. Montesino of Samuel J. Montesino, P.A., West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We grant this petition for a writ of prohibition on speedy trial grounds. It was error to deny discharge on those counts in the information constituting misdemeanors.
Alvarez was arrested on April 26, 2000. The information was filed on August 7, 2000, charging him with numerous felony counts and eight counts alleging offenses that were identified as "misdemeanors."
We grant the petition because the ninety-day speedy trial period applicable *575 to misdemeanors ran as to those counts before the information was filed.
We recognize that Florida Rule of Criminal Procedure 3.191(f) provides that when misdemeanors are consolidated with felonies, they are governed by the speedy trial period applicable to felonies. This court has previously determined that this rule may not be used to revive a misdemeanor count subject to speedy trial discharge that is filed after the misdemeanor speedy trial period has run (here, ninety days after the April 26, 2000 arrest). See Goldman v. State, 645 So.2d 1089 (Fla. 4th DCA 1994)(following Livingston v. State, 564 So.2d 612 (Fla. 1st DCA 1990)). The 1980 committee note to this rule, previously numbered 3.191(b)(2), explains that "[t]o claim benefit under this provision, the crimes must be consolidated before the normal time period applicable to misdemeanors has expired." The Goldman and Livingston opinions found that note to be "highly persuasive."
The state attempts to distinguish those decisions by pointing out that in this case, the misdemeanors and felonies were initially charged in a single information. We can discern no reason not to apply Goldman to the situation presented here and limit rule 3.191(f) to cases in which the charging document that joins felony and misdemeanor counts is filed before the expiration of the misdemeanor speedy trial period.
Therefore, the petition is granted. Alvarez is to be discharged on those counts in the information that do not constitute felonies.
STONE, SHAHOOD, and TAYLOR, JJ., concur.