830 So.2d 866 (2002)
STATE of Florida, Appellant,
v.
Jason Ray ROBBINS, Appellee.
No. 5D02-261.
District Court of Appeal of Florida, Fifth District.
October 4, 2002.
Opinion on Grant of Certification November 22, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Affirmed. See Alvarez v. State, 791 So.2d 574 (Fla. 4th DCA 2001); Livingston v. State, 564 So.2d 612 (Fla. 1st DCA 1990).
GRIFFIN and ORFINGER, R.B., JJ., concur.
HARRIS, J., dissents, with opinion.
HARRIS, J., dissenting.
The issue in this case is whether the speedy trial period for a misdemeanor provided in Rule 3.191(a), Florida Rules of Criminal Procedure, (90 days) trumps the limitation for such misdemeanor provided in Rule 3.191(f) (180 days) when the consolidation in the circuit court does not occur until after the running of the shorter term. Both the First District in Livingston v. State, 564 So.2d 612 (Fla. 1st DCA 1990), and the Fourth District in Alvarez v. State, 791 So.2d 574 (Fla. 4th DCA 2001), hold that it does. Both cases rely on the committee note accompanying the rule which was specifically not adopted by the supreme court when it adopted the rule. See The Florida Bar, 389 So.2d 610 (Fla.1980).
Both Livingston and Alvarez hold that the 90-day limitation, having once expired, cannot be revived by the subsequent consolidation with a felony in the circuit court. But I read rule 3.191(a) as providing a 90-day limitation period for a misdemeanor only if the rule does not provide otherwise. Since under the facts of this case the rule does provide otherwise, the 90-day limitation period never became effective and thus never expired and any problem concerning a subsequent revival is immaterial.
The rule provides clearly and unequivocally that if a misdemeanor and a felony are consolidated for trial in the circuit court, the misdemeanor is subject to the 180-day limitation. That happened here, hence the 90-day period applicable to misdemeanors tried in the county court is of no concern.
The Livingston court cited Sharif v. State, 436 So.2d 420 (Fla. 4th DCA 1983), which discussed the problem created by rule 3.191 before the 1989 amendment. That court noted that because there was a different speedy trial provision for a misdemeanor and a felony, if the State wished to pursue both a misdemeanor and a felony arising from the same episode in the same proceeding it would have to prepare to try an often complex felony within the compressed time frame provided for a misdemeanor. Hence, said the Sharif court, the addition of section 3.191(b)(2) in 1989, now rule 3.191(b)(f), resolved the problem by creating a uniform speedy trial period of 180 days when the misdemeanor is consolidated with a felony in the circuit court. By holding, as the majority does, that the uniform limitation provided by the amended rule applies only if the consolidation occurs within the 90-day limitation period provided for a misdemeanor, the court has effectively returned us to the pre-amendment *867 state of the law. In our case, as we suspect in many, it was more than 90 days after the arrest that the evidence establishing the felony was available.
I would hold that the 90-day misdemeanor speedy trial rule applies only when prosecution for the misdemeanor occurs in the county court.

ON MOTION FOR REHEARING AND CERTIFICATION
PER CURIAM.
The State has filed a motion for rehearing and certification. We deny the motion for rehearing but certify the following question as one of great public importance:
WHEN AN INFORMATION CHARGING A DEFENDANT WITH BOTH MISDEMEANOR AND FELONY CHARGES IS FILED AFTER THE EXPIRATION OF THE SPEEDY TRIAL PERIOD FOR MISDEMEANORS, MUST THE MISDEMEANOR COUNTS BE DISMISSED?
HARRIS, GRIFFIN and ORFINGER, R.B., JJ., concur.