863 So.2d 168 (2003)
STATE of Florida, Petitioner,
v.
Jason Ray ROBBINS, Respondent.
No. SC02-2583.
Supreme Court of Florida.
September 18, 2003.
Charles J. Crist, Jr., Attorney General, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, FL, for Petitioner.
James B. Gibson, Public Defender, and Marvin F. Clegg and Christopher S. Quarles, Assistant Public Defenders, Seventh Judicial Circuit, Daytona Beach, FL, for Respondent.
PER CURIAM.
We originally accepted review of State v. Robbins, 830 So.2d 866 (Fla. 5th DCA 2002), pursuant to article V, section 3(b)(4) of the Florida Constitution. Upon closer examination, however, we find that jurisdiction was improvidently granted in this case. Therefore, we dismiss review of this cause.
It is so ordered.
ANSTEAD, C.J., and PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
WELLS, J., dissents with an opinion.
WELLS, J., dissenting.
I do not agree with discharging jurisdiction. This Court has jurisdiction because the Fifth District certified the following question as one of great public importance:
WHEN AN INFORMATION CHARGING A DEFENDANT WITH BOTH MISDEMEANOR AND FELONY CHARGES IS FILED AFTER THE EXPIRATION OF THE SPEEDY TRIAL PERIOD FOR MISDEMEANORS, MUST THE MISDEMEANOR COUNTS BE DISMISSED?
By refusing to answer this question, the majority leaves in effect Alvarez v. State, 791 So.2d 574 (Fla. 4th DCA 2001), and Livingston v. State, 564 So.2d 612 (Fla. 1st DCA 1990).
Alvarez and Livingston answer the certified question in the affirmative. This answer conflicts with the plain language of Florida Rule of Criminal Procedure 3.191(f), which states:
*169 Consolidation of Felony and Misdemeanor.
When a felony and a misdemeanor are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony.
If the plain language of the rule is applied, the answer to the certified question is in the negative.
It is important that the speedy trial rule be strictly construed because the application of the rule by this Court conflicts with the Florida Constitution's mandate for separation of powers. As pointed out by Justice Overton in his dissent in Reed v. State, 649 So.2d 227, 229 (Fla.1995), this Court's application of the speedy trial rule has made the rule substantive law, rather than procedural, because a speedy trial rule dismissal is with prejudice to the refiling of the charges. Fla. R.Crim. P. 3.191(n). This effectively alters the statute of limitations lawfully enacted by the Legislature. See Genden v. Fuller, 648 So.2d 1183 (Fla.1994) (Wells, J., dissenting). Thus, an expansion of the reach of the speedy trial rule in respect to misdemeanors consolidated with felonies by not applying rule 3.191(f) as written is further in conflict with section 775.15(2)(c) and (d), Florida Statutes, and article II, section 3 of the Florida Constitution.
Therefore, I believe we should accept this important question.