Duke Porter, *Petitioner*, v. The State of Florida, Re-
spondent.

Division B.

Opinion Filed April 20, 1926.

W. E. B. Smith and Carter & Solomon, for Petitioner;

J. B. Johnson, Attorney General, and Roy Campbell, Assistant, for the State.

Per Curiam.—Upon a charge that he did "unlawfully have in his possession, custody and control certain alcoholic and intoxicating liquors and beverages not permitted by law, to-wit: rum or moonshine whiskey," one Duke Porter was convicted in the County Judge's Court and sentenced to a fine and imprisonment. The judgment of conviction states that "said sentence of imprisonment being imposed because by Acts of 1923, imprisonment is required." The sentence was affirmed by the Circuit Court.

On certiorari issued by this court, it is contended that Chapter 8266, Acts of 1923, under which the sentence was imposed is unconstitutional in that it violates Section 16, Article III, which provides that "each law enacted in the legislature shall embrace but one subject and matter prop-

erly connected therewith, which subject shall be briefly expressed in the title.''

The title of Chapter 9266, Acts of 1923, is as follows:

''AN ACT to Amend Section 5486 of the Revised General Statutes of the State of Florida, Relating to and to Provide Penalties for a Violation of such Section as Amended.''

The statute purports to change the sentence from fine or imprisonment or fine and imprisonment to fine *and* imprisonment, without any alternative.

Section 5486, Revised General Statutes of 1920, which Chapter 9266 purports to amend relates to the penalty for first and second offenses for violating the provisions of the prohibition law. The title to Chapter 9266, Acts of 1923, does not briefly or otherwise express the subject of the Act, therefore, the Act is inoperative. Webster v. Powell, 36 Fla. 703, 18 South. Rep. 441; The Borrowdale, 39 Fed. Rep. 376; Harland v. Territory, 3 Wash. Ter. 131, 13 Pac. Rep. 453; Wall v. Garrison, 11 Colo. 515, 19 Pac. Rep. 469; People v. Hills, 35 N. Y. 449; 36 Cyc. 1030.

The title to Chapter 9266, Acts of 1923, is quite different from that of Chapter 5692 adjudicated in Stokes v. Galloway, 61 Fla. 437, 54 South. Rep. 799.

The judgment imposing a fine *and* imprisonment is quashed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur;

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.