Ex PARTE O. REED, *Petitioner*.

Division B.

Opinion filed June 6, 1931.

*D. E. Knight,* of Starke, Florida, for Petitioner;
*Hon. Cary D. Landis, Attorney General,* and *Roy Camp-bell,* Assistant Attorney General, for Respondent.

DAVIS, J.—In this case the petitioner was convicted on an indictment which charged that O. Reed "did then and there unlawfully have in his possession for sale intoxicating liquors, to-wit: Four gallons of moonshine liquor; and he, the said O. Reed, whose Christian name is to the Grand Jurors unknown, the defendant herein, was on the 20th day of December, 1927, tried and convicted in the Circuit Court of the Sixth Judicial Circuit of Florida, in Pinellas County, Florida, of a violation of the laws against the unlawful manufacture, sale, possession and transportation of intoxicating liquor, to-wit: possession for sale of intoxicating liquors, and upon said conviction had imposed upon him the judgment and sentence of the Court; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."

For the offense charged sentence of three years in the penitentiary was imposed upon petitioner's conviction in the Circuit Court.

At the time of the commission of the violation of law charged, the applicable statute was Section 5486, R. G. S., 7630 C. G. L., which reads as follows:

"When not otherwise herein specifically provided, any person, association of persons, or corporation and any agent or employee of any person, association of persons, or corporations, who shall violate any of the foregoing provisions of this Article herein declared to be unlawful, or to be a misdemeanor, or which imposes a duty upon any officer or any person shall upon conviction be deemed guilty of a misdemeanor and punished by a fine not exceding five hundred dollars or by imprisonment in the county jail not exceeding six months, or by both fine and imprisonment; and when not otherwise herein specifically provided, any person, association of persons, or corporation and any agent or employee

of any person, association of persons, or corporation who, having previously been convicted as is hereinbefore in this section provided, shall subsequently violate any of the foregoing provisions of this Article herein declared to be unlawful, or to be a misdemeanor, or which imposes a duty upon any officer or person, shall upon conviction be deemed guilty of a felony and punished by a fine not exceeding three thousand dollars, or by imprisonment in the State prison not exceeding three years, or by both such fine and imprisonment. The imposition of sentence under the provisions of this section shall not prevent the forfeiture, destruction and sale as is herein provided in other sections of this Article.''

Chapter 9266, Acts of 1923, which attempted to amend this Section was declared unconstitutional in Porter v. State, 91 Fla. 667, 108 So. 814.

The indictment fails to show that the Circuit Court had jurisdiction to try the defendant and enter judgment against him for a felony, because the previous conviction of liquor law violation, which is necessary to raise the offense that is charged from a misdemeanor to a felony, is alleged to have occurred in the Circuit Court which court had no jurisdiction to enter a judgment of conviction against any first offender against the liquor laws under the foregoing statutes. If the prior conviction in the Circuit Court was for an offense of which the Circuit Court *might* have had jurisdiction, such as a second offense itself, the indictment fails to sufficiently show it by appropriate allegations setting up a *lawful* conviction in the Circuit Court. So the judgment of conviction is void.

The date of violation charged is November 26, 1930, so that it is still possible to try the defendant in the County Court of Pinellas County upon appropriate proceedings

lodged in that court which appears to be the only one having jurisdiction in the premises under the allegations contained in the present indictment.

The petitioner is discharged from custody under his commitment to the State Prison and remanded to the custody of the Sheriff of Pinellas County to be held for further proceedings according to law under the indictment which sufficiently charges a misdemeanor. See D'Allessandro vs. Tippins, decided March 25, 1931, 133 So. 332.

Discharged from State Prison and remanded to custody of Sheriff.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.