J. C. CARSON, *alias* J. C. NEICLER, *alias* HALL NEICLER, v. THE HONORABLE NATHAN MAYO, as Custodian of State Prison.

174 So. 416.

Division A.

Opinion Filed May 20, 1937.

*Martin & Martin,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the Respondent.

BUFORD, J.—This is a proceeding in habeas corpus, original jurisdiction.

The petitioner was informed against in the Criminal Court of Record of Hillsborough County, Florida, on December 16, 1924, in an information filed under the oath of

the Assistant County Solicitor of said county charging the petitioner with the larceny of a motor vehicle.

On December 19, 1924, petitioner was arraigned in the Criminal Court of Record upon such information and entered his plea of guilty thereto. Thereupon he was adjudged guilty and sentenced to serve a period of two years in State Prison at Raiford, Florida.

Petitioner contends that he is entitled to his release in habeas corpus proceedings because the information was filed by the Assistant County Solicitor under the provisions of Section 5975 R. G. S., 5248 C. G. L. ,and not by the County Solicitor, and relies upon the opinion and judgment of this court in the case of Segars v. State, 94 Fla. 1128, 115 Sou. 537. The opinion and judgment in that case does not control here. In that case direct writ of error was taken to the judgment and was not a proceeding in habeas corpus. Our disposition of this case is ruled by the opinion and judgment in the case of Young v. State, 97 Fla. 214, 121 Sou. 468. In that case we said:

"The statute purporting to authorize the assistant county solicitor to file information under his own oath may be invalid .in that respect, but this does not make void judgment of conviction on such an information rendered by a court having jurisdiction of the parties and of the subject matter and when a defendant does not duly object to the manner in which the information is signed and sworn to, at the proper time and in the proper way, he thereby waives his right to do so, and cannot invoke *habeas corpus* to obtain a discharge from custody."

It, therefore, follows that the writ of habeas corpus should be quashed and the petitioner remanded to the custody of the respondent.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.