DREW, Justice.
Because the information, under which he was adjudged to be guilty[1] of a felony and placed on probation for a period of four years, was signed by the Assistant State’s Attorney instead of the State’s Attorney, petitioner alleges he is being illegally deprived of his liberty. In fine, petitioner specifically avers that by virtue of the constitutional requirement[2] that every information shall be under oath and filed by the prosecuting attorney, the failure of the State’s Attorney to sign and swear to said information renders the same null, void and of no effect,[3] and that, therefore, he is being presently illegally restrained.[4]
In Sawyer v. State,[5] this Court for the first time had occasion to consider the basic question raised here. In that case the information was signed by an Assistant County Solicitor instead of, as here, an Assistant State’s Attorney. While in Sawyer we were concerned with the power of a Prosecuting Attorney under then Ar- *889 tide V, Section 28, of the Florida Constitution, the holding in that case is clearly applicable to the situation presented here.[6] Sawyer’s attack upon the information upon the ground that it was signed,, sworn to and filed by an Assistant County Solicitor was not made until after the expiration of the term at which he was convicted and, as stated above, on direct appeal to this Court. We rejected Sawyer’s contention because of our view that in interposing a plea of not guilty and going to trial, Sawyer had waived his right to obj ect on those .grounds.
Just a short time after the Sawyer case was decided, we were presented with a similar problem in the Segars[7] case. In the latter case the challenge on the above grounds was made to the information by motion to quash as well as by motion in arrest of judgment. This Court in that case declared invalid a statute which purported to authorize the Assistant County Solicitor to file the information as being violative of the Constitution and reversed the conviction on the ground that the motion to quash as well as the motion in arrest of judgment should have been granted by the trial court. The opinion clearly distinguished the Sawyer decision in the following language:
“In the case of Sawyer v. State (Fla.) 113 So. 736, an attempt was made to raise the same question which is now before us. It was contended by plaintiff in error in that case that the attempt in section 597S, Rev.Gen. Stats., to vest an assistant county solicitor with power to sign, swear to, and file an information in a criminal court of record, was contrary to section 28 of article 3 of the Constitution. It was there held by this court that, for the reasons therein stated, the plaintiff in error in that case was not in a position to raise the point, which is, however, in the instant case, squarely presented. * * * ”
In the Young[8] case, which followed by a few months Sawyer and Segars, we were considering a direct appeal by Young from an adverse habeas corpus judgment. In rejecting Young’s contention that he was being illegally restrained, we again pointed out that
“ * * * when a defendant does not duly object to the manner in which the information is signed and sworn to, at the proper time and in the proper way, he thereby waives his right to do so, and cannot invoke habeas corpus to obtain a discharge from custody.”
In the later Ricks[9] case, Ricks applied directly to this Court for habeas corpus alleging that the informations charging him with the felony were sworn to and signed by the Assistant State’s Attorney and were, therefore, in violation of his rights under Section 10 of the Declaration of Rights of the Florida Constitution. Since it did not appear in the Ricks case that he had waived his right to assail said informations, our decision in that case discharging him from custody was clearly in line with the holdings in the previous cases heretofore discussed. In concluding the opinion, however, the following language was used:
“Having reached the conclusion above stated, it follows that the purported informations upon which the capiases issued under which this petitioner is held are null, void, and of no effect.”
The holding of the quoted language must be related to the factual situation presented *890 by the record in the Ricks case. The observation that the law applicable to its ultimate holding was settled by the Court in the Segars case was clearly stated in the opinion. Any attempt to extend the quoted language to give relief to a defendant such as the petitioner in this case, who has waived his right to object as pointed out in the previous cases, is clearly unjustified. The quoted language must be considered as holding only that upon timely objections to an information on the ground that it was not signed by the State’s Attorney such an information is null, void and of no effect.
This conclusion is clearly supported by the Carson[10] and Champlin[11] cases which followed some years later. In both of these cases we reiterated and reaffirmed the holdings in the Segars and Young cases that advantage must be timely taken of the failure to comply with the constitutional provisions else they will be deemed to have been waived. This was also the view taken by the District Court of Appeal, First District, in the Jordan [12] case where, upon direct appeal, the contention of Jordan that his conviction was defective, because the information was verified by an Assistant State’s Attorney, was rejected.
The only departure we find from the holdings in these cases is in Bernicia Pitts v. State,[13] in the District Court of Appeal for the Second District. There, that court, apparently because of a misinterpretation of the concluding language in the Ricks case above quoted, took a contrary view.
For the reasons above stated, the writ of habeas corpus heretofore issued is hereby discharged and the petitioner is remanded to the custody of the respondent.
ROBERTS, C. J., and THORNAL,. O’CONNELL and CALDWELL, JJ., concur.

. Petitioner entered a plea of guilty at the trial.

. Section 10 of the Declaration of Rights of the Florida Constitution, F.S.A.

. This was the holding of the District Court of Appeal, Second District in Pitts v. State, 139 So.2d 701.

. See Sellers v. Bridges, 153 Fla. 586, 15 So.2d 293, 148 A.L.R. 1240.

. 94 Fla. 60, 113 So. 736.

.Section 10 of the Declaration of Rights and Art. V of Section 28 (now Art. Y, Sec. 9 [5]) are, for the purposes of this discussion, identical.

. Segars v. State, 94 Fla. 1128, 115 So. 537.

. Young v. State, 97 Fla. 214, 121 So. 468.

. State ex rel. Ricks v. Davidson, 121 Fla. 196, 163 So. 588.

. Carson v. Mayo, 128 Fla. 247, 174 So. 416.

. Champlin v. Cochran, Fla.1960, 125 So.2d 565.

. Jordan v. State, Fla.App.1962. 136 So.2d 367.

. See footnote 3, supra.