PER CURIAM.
The appellant was charged in the Criminal Court of Record in and for Dade County with an attempt to commit a felony in the third degree. The attempt was a misdemeanor. See Fla.Stat. § 776.04(3), F.S.A. Upon the reorganization of the criminal court system pursuant to Fla. Const. Art. V, F.S.A., the cause erroneously was transferred to the Circuit Court of the Eleventh Judicial Circuit instead of to the County Court. See Fla.Const. Art. V, § 20(c)(4); Fla.Stat. § 34.01(1), F.S.A. Florida Transition Rule 4(2). Appellant was tried and found guilty. On motion for new trial, the question of lack of jurisdiction was presented but the motion was denied. This appeal followed.
The State, in its brief, has confessed its inability to support the action of the trial judge. We have examined the applicable provisions of the law and find that appellant’s conviction must be reversed upon authority of Boley v. State, Fla.App.1973, 273 So.2d 109.
Therefore, the judgment is reversed and the cause is remanded with instructions to quash the information and to allow the State to amend or refile the information in the appropriate court depending on what it wishes to allege. See Pope v. State, Fla.App.1972, 268 So.2d 173.
Reversed and remanded.