427 So.2d 825 (1983)
Stephen G. BREHM, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2369.
District Court of Appeal of Florida, Third District.
March 15, 1983.
*826 Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
The defendant was charged and convicted of ten counts of violating Section 877.08, Florida Statutes (1981).[1] The sentencing phase brought to the court's attention that the same defendant had been previously convicted of the same offense; to wit: tampering with parking meters. Accordingly, the trial court adjudicated and sentenced him for the enhanced offense as a felon as provided for by Section 877.08(3), Florida Statutes (1981).
The only point with which we are concerned is whether the trial court had subject matter jurisdiction over the defendant in the present case. We find that it did not. Subject matter jurisdiction is determined from the face of the accusatory pleading. Pope v. State, 268 So.2d 173 (Fla.2d DCA 1972), cert. discharged, 283 So.2d 99 (Fla. 1973); see also Ex Parte Reed, 101 Fla. 800, 135 So. 302 (1931).
The information charging the defendant with the violation of Section 877.08 failed to allege that the defendant had a prior conviction for the same offense. Consequently, the defendant could only have been guilty of a misdemeanor, over which the circuit court does not have jurisdiction.[2]
For the foregoing reasons, the defendant's judgment and sentence are void. The cause is remanded with directions to quash the information with leave to amend or to refile it with the appropriate court at the election of the state.
In the present case, no petitions for rehearing will be entertained.
Reversed and remanded.
NOTES
[1] He was also charged with loitering and prowling; however, he was granted a judgment of acquittal on that charge.
[2] Had the prior conviction been properly pled, the fact would not have been brought to the jury's attention but rather, upon conviction, the court, in a separate proceeding, could determine whether there was a prior conviction and sentence the defendant accordingly. State v. Harris, 356 So.2d 315 (Fla. 1978).