721 So.2d 1185 (1998)
Wilson Tony HARRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-165.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
Rehearing Denied November 3, 1998.
*1186 James T. Miller, Jacksonville, for Appellant.
No Appearance for Appellee.
W. SHARP, J.
Harrell appeals from the summary denial of his petition for a writ of coram nobis, which the trial court treated as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Harrell argues that his conviction for being an accessory after the fact to first degree murder[1] should be set aside because at the time the trial court accepted his guilty plea (based on a plea agreement, to sentence him to time served) and adjudicated him guilty, it lacked jurisdiction to act. We think proper resolution of this question requires an evidentiary hearing.
Harrell's pleading alleged that he had been charged with first degree murder in 1978, for a death that occurred in 1975. When his trial resulted in a hung jury, the trial court declared a mistrial. Harrell did not agree, and when the court sought to reschedule a new trial, he filed a petition for prohibition in the appellate court.
The First District Court of Appeal issued an order to show cause on November 9,1978. Apparently unaware of the show cause order, Harrell agreed to plea to being an accessory and was adjudicated on December 20, 1978. Two days later on December 22nd, the First District denied Harrell's petition.
Harrell later became incarcerated in the federal prison system for unrelated crimes. While preparing for a federal parole hearing in 1996, he received documents which exonerated him in the 1975 murder and the accessory offense. He claims that his conviction as accessory impacts his parole chances. He also claims that in 1996 he first learned that the circuit court which accepted his plea and adjudicated him in 1978, lacked jurisdiction to do so. His attorney claimed he had previously informed Harrell of this jurisdictional defect.
The trial court ruled in this proceeding that Harrell's attorney's letter attached to his petition shows he had told Harrell about the jurisdictional defect "long ago." Further, it ruled that Harrell could have discovered the status of the writ of prohibition proceeding before entering his plea, and clearly could have done so more than two years prior to the filing of the petition. Thus it concluded, the newly discovered evidence argument was procedurally barred.
This petition raises a fundamental defect in Harrell's 1978 conviction, which if true, requires that it be set aside. See Oladipupo v. State, 574 So.2d 301, 302 (Fla. 5th DCA 1991); Zanger v. State, 548 So.2d 746, 748 (Fla. 4th DCA 1989); Young v. State, 439 So.2d 306, 308 (Fla. 5th DCA 1983); Brehm v. State, 427 So.2d 825 (Fla. 3d DCA 1983); Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977); Brown v. State, 284 So.2d 400 (Fla. 3d DCA 1973); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972).
Further, lack of jurisdiction can be raised at any time. C.W. v. State, 637 So.2d 28, 29 (Fla. 2d DCA 1994); Booker v. State, 497 So.2d 957 (Fla. 1st DCA 1986); Page v. State, 376 So.2d 901, 904 (Fla. 2d DCA 1979); Wesley v. State, 375 So.2d 1093, 1094 (Fla. 3d DCA 1979); Solomon; Waters v. State, 354 *1187 So.2d 1277, 1278 (Fla. 2d DCA 1978). Nor can lack of jurisdiction be cured by consent or waived by entry of a guilty plea. Akins v. State, 691 So.2d 587 (Fla. 1st DCA 1997); Radford v. State, 360 So.2d 1303 (Fla. 2d DCA 1978); Pope. The doctrine of waiver cannot be effective when the court lacks jurisdiction over the case itself. Novaton v. State, 610 So.2d 726, 728 n. 3 (Fla. 3d DCA 1992); approved on other grounds, 634 So.2d 607 (Fla.1994).
Harrell's claim that the trial court lacked jurisdiction to accept his plea and adjudicate him is based on the principle that once an appellate court accepts discretionary review, the trial court's jurisdiction to act in a matter is lost. Payne v. State, 493 So.2d 1104 (Fla. 1st DCA), approved, 498 So.2d 413 (Fla.1986)(after discretionary review in the supreme court is sought, trial court and district court lose jurisdiction over the cause to the extent that the lower court's acts will affect the subject matter of the appeal). A petition for writ of prohibition divests a trial court of jurisdiction at the time the district court issues a show cause order. Allen v. State, 579 So.2d 200 (Fla. 2d DCA 1991).
The petition contains a certification by Harrell's current attorney that Harrell was convicted on December 20 1978, based on the appellate court's records, and that the appellate court had not at that point denied the writ, after issuing a show cause order. Aside from that certification, there is no evidence to refute those allegations, attached to the trial court's summary denial. Thus, an evidentiary hearing should be held to give Harrell the opportunity to submit proof of the relevant dates of his conviction and the prohibition proceedings in the appellate court.
REVERSED and REMANDED for evidentiary hearing.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] § 782.04, Fla. Stat. (1975).