854 So.2d 703 (2003)
Kelvin D. HARRIS, a/k/a Michael Watts, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-338.
District Court of Appeal of Florida, Third District.
August 13, 2003.
Rehearing Denied September 24, 2003.
*704 Kelvin D. Harris, in proper person.
Charles J. Crist, Jr., Attorney General, and Andrea D. England, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and RAMIREZ, JJ.
COPE, J.
Kelvin D. Harris appeals an order denying his motion for postconviction relief. We affirm.

I.
By postconviction motion, defendant-appellant Harris argues that the revocation of his probation in Miami-Dade County Circuit Court case number 86-15006 should be set aside because the trial court had lost jurisdiction to adjudicate the affidavit of violation of probation. The defendant relies on State v. Boyd, 717 So.2d 524 (Fla.1998). The trial court denied the postconviction motion as time-barred, and alternatively, without merit. The defendant has appealed.
In the 1986 case, the defendant entered a nolo contendere plea in exchange for an adjudication of guilt and a term of probation.
On October 8, 1987, the State filed an affidavit of violation of probation. On October 14, 1987, the term of probation expired.
On October 22, an alias capias was issued for the defendant's arrest. This was delivered to the Warrants Bureau of the Miami-Dade County Police Department on October 23, 1987.
The defendant was eventually served in Louisville, Kentucky on September 28, 1989. His probation was revoked and the defendant was sentenced to three months in county jail. There was no appeal of this disposition. The defendant is presently serving two life sentences in an unrelated case, Miami-Dade County Circuit Court case number 90-9210.
The defendant's postconviction motion seeks to set aside the revocation of probation in the 1986 case. The primary relief requested by the defendant is to set aside his adjudication of guilt of the offense of carrying a concealed weapon.

II.
Under the facts of this case, the affidavit of violation of probation was filed *705 during the probationary period, but the warrant was not delivered for execution until after the probationary period expired. Under the law applicable to the defendant's case, the warrant had to be delivered to the proper executive officer for execution prior to the expiration of the term of probation. State v. Boyd, 717 So.2d 524, 526 (Fla.1998); Paulk v. State, 733 So.2d 1096, 1097 (Fla. 3d DCA 1999).[1] Thus, the defendant is correct in saying that the trial court lost jurisdiction to adjudicate the affidavit of violation of probation.
The State argues that the defendant's postconviction motion is time-barred. While this argument finds support in the text of Florida Rule of Criminal Procedure 3.850(a)(2) and (3), case law establishes that the absence of jurisdiction may be raised at any time. See, e.g., Harrell v. State, 721 So.2d 1185, 1186-87 (Fla. 5th DCA 1998); Novaton v. State, 610 So.2d 726, 728 n. 3 (Fla. 3d DCA 1992), approved on other grounds, 634 So.2d 607 (Fla.1994); Wesley v. State, 375 So.2d 1093, 1094 (Fla. 3d DCA 1979).
For two reasons, however, we affirm the denial of postconviction relief.
First, the defendant's main objective is to set aside his adjudication of guilt on the charge of carrying a concealed weapon. The plea colloquy makes clear that the plea bargain was for an adjudication of guilt at the time the nolo contendere plea was entered in 1986. The defendant has the mistaken impression that adjudication of guilt was withheld in 1986, and that adjudication was imposed in 1989 at the time of the revocation of probation. In reality, the plea colloquy and the judgment both establish that there was an adjudication of guilt in 1986. The 1986 adjudication remains intact, and is not affected by any infirmity in the later probation revocation proceedings.[2]
Second, as relates to the actual revocation of probation, the defendant has long since completed his sentence. He is now incarcerated on other charges on which he is serving a life sentence. As the defendant is not adversely affected at this time by the 1989 order revoking his probation, we decline to entertain any challenge to that order. See Zynda v. State, 847 So.2d 1140, 1140-41 (Fla. 3d DCA 2003); Saint-Fleur v. State, 840 So.2d 261, 262 (Fla. 3d DCA 2002).
Affirmed.
NOTES
[1] Effective July 1, 2001, the Legislature has changed the law. "Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, the probationary period is tolled until the court enters a ruling on the violation." § 948.06(1), Fla. Stat. (2001); ch.2001-109, § 1, Laws of Fla.
[2] There is a scrivener's error in the clerk's trial court minutes, which indicates a withhold of adjudication, but the transcript and judgment are clear that there was an adjudication.