917 So.2d 272 (2005)
Richard Freeman BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3114.
District Court of Appeal of Florida, Fifth District.
December 16, 2005.
Richard F. Brown, Bonifay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant, Richard Freeman Brown, appeals the order dismissing his motions for *273 postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Brown submitted two rule 3.850 motions in May 2005 regarding Volusia County circuit case numbers 93-388 and 95-1660. The circuit court dismissed the rule 3.850 motions as untimely, as they were filed beyond the rule's two-year limitation period. See Fla. R.Crim. P. 3.850(b). The circuit court also stated that the issues raised therein either were, or should have been, raised on direct appeal.
There is no question that the current rule 3.850 motions were filed more than two years after the judgments and sentences in the two cases became final. Moreover, the rule 3.850 motions are successive, as Brown had submitted prior rule 3.850 motions regarding the same cases. However, both of the current rule 3.850 motions raise jurisdictional issues, and it is unclear whether these issues were raised previously.
In case number 93-388, Brown was convicted of, and sentenced for, racketeering and numerous counts of uttering a forged document, grand theft, and petit theft. The Fifth District Court of Appeal reversed Brown's racketeering conviction and the petit theft conviction. See Brown v. State, 652 So.2d 877 (Fla. 5th DCA 1995). The case was remanded for resentencing on Brown's remaining convictions. After resentencing, the State took an appeal. Brown alleges that while the State's appeal was pending, the circuit court granted the rule 3.850 motion he had submitted and ordered a new trial. At his second trial, Brown was found guilty of all offenses as charged. In the current rule 3.850 motion referencing case number 93-388, Brown claims that the circuit court lacked jurisdiction to rule on his prior 3.850 motion during the pendency of the State's appeal. Brown argues that the order granting his rule 3.850 motion was a nullity, and the subsequent trial and judgment were also null and void.
In case number 95-1660, Brown was convicted of multiple counts of uttering a forgery and one count of organized fraud. His judgment and sentence were affirmed on direct appeal. See Brown v. State, 722 So.2d 204 (Fla. 5th DCA 1998). In the rule 3.850 motion referencing case number 95-1660, Brown claims that the Office of the Statewide Prosecutor lacked jurisdiction to prosecute the case as all of the offenses occurred in Volusia County, Florida.
Postconviction relief is available if the trial court did not have jurisdiction to enter the judgment under attack. See Fla. R.Crim. P. 3.850(a). A void judgment may be collaterally attacked at any time. See Harrell v. State, 721 So.2d 1185 (Fla. 5th DCA), review dismissed, 728 So.2d 205 (Fla.1998); Booker v. State, 497 So.2d 957 (Fla. 1st DCA 1986). If the Office of the Statewide Prosecutor files an information but lacks jurisdiction to prosecute a case, then the trial court's jurisdiction is not properly invoked. See Winter v. State, 781 So.2d 1111 (Fla. 1st DCA), review denied, 799 So.2d 219 (Fla.2001).
As Brown raised jurisdictional issues in both of his rule 3.850 motions, the circuit court should have addressed them. Instead, the circuit court erroneously concluded that these issues were untimely presented and either were, or should have been, raised on direct appeal. If these jurisdictional issues were raised on appeal or in a previous 3.850 motion, the court should have attached portions of the record to show that the instant rule 3.850 motions are successive and constitute an abuse of procedure. If these jurisdictional issues were not previously raised, then the circuit court should consider them on the merits. The order dismissing the rule 3.850 motions is reversed, and the case is *274 remanded for further consideration of the claims raised therein.
REVERSED and REMANDED.
SHARP, W., GRIFFIN, and SAWAYA, JJ., concur.