960 So.2d 784 (2007)
Dexter ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-379.
District Court of Appeal of Florida, Fourth District.
June 13, 2007.
Rehearing Denied August 22, 2007.
Dexter Anderson, Vero Beach, pro se.
No response required for appellee.
PER CURIAM.
We affirm the dismissal of appellant's Florida Rule of Criminal Procedure 3.850 motion for postconviction relief because the motion was not timely under rule 3.850(b). In his motion, appellant contends that the trial court "exceeded its jurisdiction" in passing sentence because his scoresheet erroneously contained a non-existent prior conviction. Although there is case law suggesting that an absence of jurisdiction may be raised at any time, see, e.g., Harris v. State, 854 So.2d 703, 705 (Fla. 3d DCA 2003), we do not interpret appellant's claim as a challenge to the sentencing court's subject matter jurisdiction. The trial court's subject matter jurisdiction would be unaffected by the sentencing error alleged by appellant. See Rodriguez v. State, 441 So.2d 1129, 1135 (Fla. 3d DCA 1983) (en banc rehearing). Accordingly, appellant's motion was not timely under rule 3.850(b). Even assuming that appellant is correct that his scoresheet included a non-existent prior conviction, appellant is not entitled to relief. Appellant has previously raised this *785 issue in a rule 3.800(a) motion, and we now write to make clear that we previously denied relief because the sentencing error was harmless under the "could-have-been-imposed" test. See Brooks v. State, 930 So.2d 835 (Fla. 4th DCA 2006). The inclusion of this conviction resulted in the addition of only 1.6 points to appellant's scoresheet total, and the sentence actually imposed by the trial court far exceeded the minimum sanction under the Criminal Punishment Code.
Affirmed.
WARNER, KLEIN and HAZOURI, JJ., concur.