983 So.2d 49 (2008)
David LUGER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D06-1549, 4D06-1550, 4D06-3675.
District Court of Appeal of Florida, Fourth District.
May 7, 2008.
Rehearing Denied June 27, 2008.
Evelyn A. Ziegler, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was charged in two informations filed by the statewide prosecutor for crimes such as racketeering, grand theft, fraudulent transactions, and unlicensed telemarketing. After unsuccessfully challenging the jurisdiction of the statewide prosecutor, appellant pled guilty. He now appeals, arguing that the trial court did not have subject matter jurisdiction over his case, because the statewide prosecutor did not have jurisdiction. We conclude that the trial court was, because of the lack of factual specificity as to where the crimes took place, required to make a factual determination as to the jurisdiction of the statewide prosecutor when the issue was raised by appellant.
*50 Although appeals following guilty pleas are very limited, the trial court's lack of subject matter jurisdiction is appealable. Fla. R.App. P. 9.140(b)(2)(A)(ii)(a). The state contends that, even if the information was insufficient to show jurisdiction of the statewide prosecutor, it does not follow that the trial court did not have subject matter jurisdiction, and this issue is not appealable following a guilty plea. Although that is a plausible argument, because subject matter jurisdiction normally concerns the power of a court to deal with a class of cases to which a particular case belongs, Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179 (Fla.1994), we are persuaded by precedent that subject matter jurisdiction is at issue here.
Under Article IV, section 4(c), Florida Constitution, the statewide prosecutor has "concurrent jurisdiction with the state attorneys" to prosecute crimes occurring in two or more circuits as part of a related transaction or when such an offense affects two or more circuits. See also section 16.56(1)(a), Florida Statutes.
In Zanger v. State, 548 So.2d 746 (Fla. 4th DCA 1989), the information on which the statewide prosecutor obtained a conviction charged a single criminal episode which occurred entirely in one county. We reversed a conviction following a trial, determined that the information was insufficient to establish jurisdiction of the statewide prosecutor, and held that the conviction was void. As authority for holding the conviction void, we cited Ex parte Reed, 101 Fla. 800, 135 So. 302 (1931), in which the Florida Supreme Court held that the circuit court did not have subject matter jurisdiction where the information failed to charge a felony. Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972).
Relying on our decision in Zanger, the court in Winter v. State, 781 So.2d 1111 (Fla. 1st DCA 2001), held that the jurisdiction of the trial court in a case filed by the statewide prosecutor could be raised at any time and could not be cured by consent or waiver. In a subsequent appeal by the same defendant, Winter v. State, 865 So.2d 555 (Fla. 1st DCA 2003), the court held that if the statewide prosecutor did not have jurisdiction everything filed thereafter was a nullity. See also Brown v. State, 917 So.2d 272 (Fla. 5th DCA 2005) (conviction based on an information which did not reflect jurisdiction in the statewide prosecutor is void and subject to collateral attack at any time).
We are persuaded by these cases that the issue appellant raises is one of the trial court's subject matter jurisdiction which can be raised following a plea of guilty.
The information filed by the statewide prosecutor in this case did not contain any factual allegations to establish that these crimes occurred in two or more judicial circuits. In order to establish the jurisdiction of the statewide prosecutor, the information merely stated that all of the offenses
Occurred in two or more judicial circuits in the state of Florida as part of a related transaction or said offenses were connected with an organized criminal conspiracy affecting two or more judicial circuits in the state of Florida.
Appellant moved to dismiss, relying on Winter, 781 So.2d 1111, which contained an almost identical conclusory statement in the information filed by the statewide prosecutor, but no factual allegations reflecting the statewide prosecutor had jurisdiction. In Winter the defendant moved to dismiss the information arguing that the statewide prosecutor lacked jurisdiction, which was denied, and he was convicted. The appellate court reversed, concluding that a motion to dismiss was the proper method for challenging the jurisdiction of the statewide prosecutor and, based on concessions by the state that all of the acts of the appellant occurred in one county, *51 reversed the convictions. On rehearing the court clarified that where the jurisdiction of the statewide prosecutor is challenged by a motion to dismiss raising factual matters, the trial court should make a determination of the factual issues in order to ascertain whether there is jurisdiction.
Although the information in this case was insufficient in the same manner that the information in Winter was insufficient, this case is distinguishable from Winter, because in Winter the state conceded that the crimes occurred in one county. There has been no such concession in this case and, if the trial court had conducted a hearing in order to determine the facts, the jurisdiction of the statewide prosecutor might well have been shown. We accordingly reverse for such a hearing.
Appellant also argues that the trial court erred in summarily denying his motion to withdraw his plea, which asserted that his plea was involuntary and for the appointment of conflict free counsel. In our recent decision in Schriber v. State, 959 So.2d 1254 (Fla. 4th DCA 2007), which was issued after the trial court's denial of the motion to withdraw plea, we held under similar circumstances that the trial court must appoint conflict-free counsel before ruling on the motion to withdraw plea. This case is not distinguishable from Schriber.
We accordingly reverse and remand for the trial court to make a factual determination as to whether the statewide prosecutor had jurisdiction, and, if there was jurisdiction, to appoint conflict-free counsel and reconsider the motion to withdraw plea.
STEVENSON and TAYLOR, JJ., concur.