KELLY, Judge.
The Office of the Statewide Prosecutor filed a ten-count information charging David Carbajal with a variety of drug offenses. In 2002, Carbajal entered a nolo contendere plea to the charges and was sentenced to 155 months in prison. He did not appeal his judgment or sentence. On February 15, 2007, Carbajal filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 alleging that the circuit court did not have jurisdiction to enter his judgment and sentence. He contends the circuit court’s jurisdiction *188 was never properly invoked because “all the crimes alleged and all the actions pertinent to those crimes” occurred in a single judicial circuit, and thus, the Statewide Prosecutor did not have jurisdiction to prosecute the case. See, e.g., Luger v. State, 983 So.2d 49 (Fla. 4th DCA 2008), review denied, 1 So.3d 173 (Fla.2009); Winter v. State, 781 So.2d 1111 (Fla. 1st DCA 2001).
Acknowledging that he filed his rule 3.850 motion more than two years after his judgment and sentence became final, Car-bajal asserted that it should not be denied as untimely because it challenged the jurisdiction of the circuit court, a matter he contends may be raised at any time. The postconviction court, relying on Brown v. State, 917 So.2d 272 (Fla. 5th DCA 2005), agreed and then denied the motion on its merits. Although we affirm, we do so without reaching the merits because we conclude that Carbajal’s motion was untimely.[1]
In concluding Carbajal’s motion was untimely, we reject his contention that a rule 3.850 motion can be filed at any time if it asserts a claim based on the circuit court’s lack of jurisdiction. We reach this conclusion based on the language of the rule itself. Rule 3.850(a) lists the grounds that may be claims for relief in a motion filed under the rule:
(a) Grounds for Motion. The following grounds may be claims for relief from judgment or release from custody by a person who has been tried and found guilty or has entered a plea of guilty or nolo contendere before a court established by the laws of Florida:
(1)The judgment was entered or sentence was imposed in violation of the Constitution or laws of the United States or the State of Florida.

(2) The court did not have jurisdiction to enter the judgment.

(3) The court did not have jurisdiction to impose the sentence.

(4) The sentence exceeded the maximum authorized by law.
(5) The plea was involuntary.
(6) The judgment or sentence is otherwise subject to collateral attack.
(Emphasis supplied.) The rule specifically contemplates a motion asserting a claim grounded on the circuit court’s lack of jurisdiction. Nevertheless, subsection (b), which specifies the time limits within which the motion must be filed, makes no exception to the two-year limit for a motion asserting the circuit court’s lack of jurisdiction:
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapi-tal case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(1) the facts on which the claim is predicated were unknown to the mov-ant or the movant’s attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, or
*189 (3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.
(Emphasis supplied.) Although the rule makes no exception for a motion claiming the circuit court did not have jurisdiction to enter the judgment or sentence, it does list three circumstances under which any motion can be filed beyond the two-year limit. See Fla. R.Crim. P. 3.850(b)(l)-(3). Carbajal’s motion, however, does not allege any of those circumstances. Accordingly, his motion was untimely.
We recognize that other courts have held that the two-year time limitation in rule 3.850(b) is inapplicable to a motion alleging that the circuit court lacked jurisdiction to enter the defendant’s judgment or sentence. See, e.g., Gunn v. State, 947 So.2d 551 (Fla. 4th DCA 2006); Brown, 917 So.2d at 273; Harris v. State, 854 So.2d 703 (Fla. 3d DCA 2003); Harrell v. State, 721 So.2d 1185 (Fla. 5th DCA 1998).[2] We do not find these cases persuasive because they do not explain why they apparently concluded that the two-year limit in rule 3.850 did not extinguish the defendant’s right to raise the issue of the circuit court’s jurisdiction. While we are well aware of the body of law that holds that the court’s jurisdiction may be challenged at any time, we have found nothing that suggests we can ignore the two-year limit contained in rule 3.850.
On the contrary, the history of the rule convinces us that the two-year limit and its exceptions are deliberate choices designed to balance competing interests and that we should apply the rule as written. Originally promulgated as rule 1, the rule was “intended to provide a procedural mechanism for raising those collateral posteonviction challenges to the legality of criminal judgments that were traditionally cognizable in petitions for writs of habeas corpus.” Baker v. State, 878 So.2d 1236, 1239 (Fla.2004). Initially, the rule “specifically provided that all motions filed pursuant to the rule ‘may be made at any time.’ ” Id. at 1242 (quoting In re Criminal Procedure Rule No. 1, 151 So.2d 634, 634 (Fla.1963)). In 1984, the supreme court, “in the interests of finality,” amended the rule by, among other things, placing a two-year limitations period for filing the motion, subject to certain exceptions. Id. at 1243. The two-year statute of limitations was added “[i]n order to give due weight to the finality and the presumption of legality of a final judgment and to restore the public’s confidence in our criminal system of justice.” Id.; see also Fla. Bar re: Amendment to Rules of Criminal Procedure (Rule 3.850), 460 So.2d 907 (Fla.1984); McCrae v. State, 437 So.2d 1388, 1391-92 (Fla.1983) (Alderman, C.J., concurring in result only). In Johnson v. State, 536 So.2d 1009, 1011 (Fla.1988), the court explained the balance it had attempted to strike:
The credibility of the criminal justice system depends upon both fairness and finality. The time limitation of rule 3.850 accommodates both interests. It serves to reduce piecemeal litigation and the assertion of stale claims while at the same time preserves the right to unlimited access to the courts where there is newly discovered evidence or where there have been fundamental constitutional changes in the law with retroactive application.
See also Haag v. State, 591 So.2d 614, 616 (Fla.1992) (“[T]he right to habeas relief, like any other constitutional right, is sub *190 ject to certain reasonable limitations consistent with the full and fair exercise of the right_ [T]he two-year time limitation imposed by Rule 3.850 serves to promote the fairness and finality required of our criminal justice system.”). In light of the foregoing, we hold that we should not en-graft an additional exception onto the rule but rather should apply the rule as written. Accordingly, we affirm the denial of Carbajal’s motion.
Affirmed; conflict certified.
KHOUZAM, J., Concurs.
VILLANTI, J., Concurs specially with opinion.

. Were we to reach the merits, we nevertheless would affirm. Contrary to the conclusion reached by our sister courts in Luger and Winter, we conclude that even if the Statewide Prosecutor did not have jurisdiction to prosecute the case, the circuit court still had jurisdiction over these felonies.

. We acknowledge that our decision conflicts with these cases and accordingly certify conflict.