CANADY, C.J.
In this case, we consider the timeliness of a claim raised under Florida Rule of Criminal Procedure 3.850 that the Office of the Statewide Prosecutor (OSP) lacked jurisdiction to prosecute the defendant. We have for review Carbajal v. State, 28 So.3d 187 (Fla. 2d DCA 2010), in which the Second District Court of Appeal rejected Car-bajal’s argument that the time limitations of rule 3.850 were not applicable to his claim that the OSP’s lack of jurisdiction to prosecute him divested the circuit court of jurisdiction to enter judgment against him. *260 The Second District held that Carbajal’s claim that the circuit court lacked jurisdiction to enter judgment or sentence was barred by the time limits of rule 3.850. The Second District certified that its decision on this issue expressly and directly conflicts with the following decisions: Gunn v. State, 947 So.2d 551 (Fla. 4th DCA 2006); Brown v. State, 917 So.2d 272 (Fla. 5th DCA 2005); Harris v. State, 854 So.2d 703 (Fla. 3d DCA 2003); and Harrell v. State, 721 So.2d 1185 (Fla. 5th DCA 1998). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Although the Second District’s ruling was based on its holding that the rule 3.850 time limits apply to claims asserting that a judgment was void because it was entered by a court without jurisdiction, the Second District also observed that any lack of jurisdiction by the OSP would not divest the circuit court of jurisdiction. The Second District noted that its view on this point was in disagreement with the decisions in Luger v. State, 983 So.2d 49 (Fla. 4th DCA 2008), and Winter v. State, 781 So.2d 1111 (Fla. 1st DCA 2001).
Because we conclude that any lack of jurisdiction by the OSP did not divest the circuit court of jurisdiction, we decline to address the certified conflict issue. Instead, as further explained below, we resolve this case on the ground that Carba-jal’s challenge to the jurisdiction of the OSP was barred by the time limitations of rule 3.850. Accordingly, we approve the Second District’s affirmance of the trial court’s denial of Carbajal’s motion. We disapprove Luger and Winter. To the extent that they hold that an error regarding the jurisdiction of the OSP renders a conviction void ab initio, we likewise disapprove Small v. State, 56 So.3d 52 (Fla. 4th DCA 2011); Brown; and Zanger v. State, 548 So.2d 746 (Fla. 4th DCA 1989).
I. BACKGROUND
In December 2001, the OSP filed a ten-count information charging David Carbajal with a variety of drug offenses. In January 2002, Carbajal entered a nolo conten-dere plea to the charges and was sentenced to 155 months in prison. He did not appeal his judgment or sentence. Carbajal, 28 So.3d at 187.
In February 2007, Carbajal filed a successive motion for postconviction relief pursuant to rule 3.850, in which he asserted that because “ALL the crimes alleged, and ALL the actions pertinent to those crimes, occurred in the same county and circuit,” the OSP did not have jurisdiction to prosecute in his case and therefore the circuit court did not have jurisdiction to enter his conviction and sentence. Carba-jal further asserted that his challenge to the jurisdiction of the circuit court was an issue that could be raised at any time and that his postconviction motion therefore should not be denied as untimely. The circuit court agreed that Carbajal’s motion was timely but denied relief on the merits. Carbajal, 28 So.3d at 188.
On appeal, the Second District affirmed the denial of relief on the basis that the motion was untimely. Id. The Second District explained that while rule 3.850 envisages claims asserting that the trial court lacked jurisdiction to enter the defendant’s conviction or sentence, pursuant to the plain language of the rule, in a noncapital case any motion for postconviction relief must be filed no later than two years after the judgment and sentence become final. The Second District listed the three exceptions to the two-year limit: (1) claims predicated on facts which were previously unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence; (2) claims predicated on a fundamental constitutional right that was not established *261 within the two-year period and has been held to apply retroactively; or (3) situations where retained counsel failed to timely file the motion. The Second District concluded that because Carbajal’s allegations did not fit any of these exceptions, his motion was untimely. Id. at 189. On this point, the Second District certified conflict with Gunn, Brown, Harris, and Harrell which determined that the two-year limitation in rule 3.850(b) was inapplicable to a motion demonstrating that the trial court lacked jurisdiction to enter the defendant’s conviction or sentence. See Carbajal, 28 So.3d at 190.
The Second District also observed that any lack of jurisdiction by the OSP would not divest the circuit court of jurisdiction. The Second District reasoned that “even if the Statewide Prosecutor did not have jurisdiction to prosecute the case, the circuit court still had jurisdiction over these felonies,” and thus, Carbajal’s conviction and sentence were valid. Id. at 188 n. 1. The Second District recognized that its view that lack of OSP jurisdiction did not affect the circuit court’s subject matter jurisdiction was inconsistent with Luger, 983 So.2d at 50 (explaining that the issue of the OSP’s jurisdiction “is one of the trial court’s subject matter jurisdiction which can be raised following a plea of guilty”); and Winter, 781 So.2d at 1115 (concluding that allegations regarding whether the OSP’s jurisdiction was proper “raise[d] the jurisdiction of the trial court”). See also Small, 56 So.3d at 53 (concluding that the information was sufficient but noting that if “an information fails to allege the necessary jurisdictional allegations to support OSP jurisdiction, the information is fatally defective, and a resulting conviction is void”); Brown, 917 So.2d at 273 (“If the Office of the Statewide Prosecutor files an information but lacks jurisdiction to prosecute a case, then the trial court’s jurisdiction is not properly invoked.”); Zanger, 548 So.2d at 748 (concluding that where the OSP files the information, allegations of criminal activity in more than one circuit are essential to the invocation of the jurisdiction of the circuit court).
II. ANALYSIS
In the analysis that follows, we approve the Second District’s affirmance of the circuit court’s denial of Carbajal’s post-conviction motion. Carbajal’s claim that the circuit court which entered the judgment and sentence lacked jurisdiction is without merit, and his claim that the OSP lacked jurisdiction to prosecute him is untimely under rule 3.850.
Article IV of the Florida Constitution establishes the OSP as a prosecuting officer of the State of Florida. Article IV, section 4(b), provides in pertinent part:
There is created in the office of the attorney general the position of statewide prosecutor. The statewide prosecutor shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is affecting or has affected two or more judicial circuits as provided by general law.
The role of the OSP is further defined by section 16.56, Florida Statutes. At the time Carbajal was charged by information, section 16.56(l)(a), Florida Statutes (2001), authorized the OSP to investigate and prosecute “[a]ny crime involving narcotic or other dangerous drugs” or “any attempt, solicitation, or conspiracy to commit” any crime involving narcotic or other dangerous drugs but “only when any such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is connected with an organized crimi *262 nal conspiracy affecting two or more judicial circuits.” Thus, Carbajal is correct that if his criminal activity in Florida actually occurred in only Lee County, Florida, the OSP was not authorized to prosecute charges arising from that conduct.
We agree with the Second District, however, that even assuming that the OSP in fact lacked jurisdiction to prosecute Carbajal, such a defect in the information would not divest the circuit court of jurisdiction over the felony offenses charged against Carbajal. The issue of whether an information is filed by the OSP or a state attorney has no effect on the circuit court’s subject matter jurisdiction.
Subject matter jurisdiction is the “[pjower of a particular court to hear the type of case that is then before it” or “jurisdiction over the nature of the cause of action and relief sought.” Fla. Star v. B.J.F., 530 So.2d 286, 288 (Fla.1988) (quoting Black’s Law Dictionary 767 (5th ed. 1979)). Pursuant to section 26.012(2)(d), Florida Statutes (2001), at the time Carba-jal was charged, the circuit courts had — as they continue to have — subject matter jurisdiction over “all felonies.” See also McLean v. State, 23 Fla. 281, 2 So. 5, 5 (1887) (“In criminal cases the jurisdiction is determined by the charge made.”). Because the information filed in this case charged Carbajal with multiple felonies, the circuit court had subject matter jurisdiction over Carbajal’s case.
Carbajal’s situation is not analogous to cases where a conviction was void because the information filed in the circuit court failed to allege that the defendant had committed a felony. See, e.g., Ex parte Reed, 101 Fla. 800, 135 So. 302, 303 (1931) (concluding that judgment of conviction by circuit court was void where indictment failed to show that the defendant was charged with a felony); Waters v. State, 354 So.2d 1277, 1278 (Fla. 2d DCA 1978) (“Since the circuit court does not have jurisdiction when only a misdemeanor is charged, the trial court did not have jurisdiction in this case.”); Pope v. State, 268 So.2d 173, 175 (Fla. 2d DCA 1972) (explaining that an allegation of a felony “is essential to the invocation of the jurisdiction of a felony court over the charge since the allegata of the accusatory writ are precisely the basis in the first instance upon which the court’s jurisdiction over the subject matter thereof is predicated”).
Carbajal contends that despite the fact that the information filed in his case otherwise properly alleged a felony, the information failed to invoke the circuit court’s subject matter jurisdiction because it was signed by the incorrect prosecuting attorney. This argument is without merit.
This Court has explained that “jurisdiction to try an accused does not exist under article I, section 15 of the Florida Constitution unless there is an extant information, indictment, or presentment filed by the state.” State v. Anderson, 537 So.2d 1373, 1374 (Fla.1989). We have also explained, however, that while a charging instrument is essential to invoke the circuit court’s subject matter jurisdiction, “defects in charging documents are not always fundamental where the omitted matter is not essential, where the actual notice provided is sufficient, and where all the elements of the crime in question are proved at trial.” State v. Gray, 435 So.2d 816, 818 (Fla.1983). In other words, while an information or indictment is “an essential requisite of jurisdiction which cannot be waived,” Sadler v. State, 949 So.2d 303, 305 (Fla. 5th DCA 2007) (quoting Caves v. State, 303 So.2d 658, 659 (Fla. 2d DCA 1974)), defects in the charging instrument do not necessarily render void a conviction based on the defective information. These principles are *263 codified in Florida Rule of Criminal Procedure 8.140, which provides in part:
No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of mis-joinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Fla. R.Crim. P. 3.140(o).
In the instant case, a prosecuting officer representing the State filed an information in the circuit court. That information provided Carbajal with actual notice of the charges against him. Carbajal does not allege that as a result of the information being filed by the OSP rather than the local state attorney, he was misled, prejudiced in the preparation of his defense, or exposed to the danger of additional prosecution. Carbajal knew the charges against him and that he was to be tried by the circuit court for Lee County.
In fact, had the information charging Carbajal been unsigned rather than signed by the OSP, any challenge on that basis would have been barred by rule 3.140(g), which provides that “[n]o objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.” It would make no sense to conclude that an unauthorized signature on an information strips the circuit court of subject matter jurisdiction and renders a conviction based on the information void, when a complete lack of signature may be waived by the defendant.
We conclude that Carbajal’s case is analogous to Gerlaugh v. Florida Parole Commission, 139 So.2d 888 (Fla.1962), and Young v. State, 97 Fla. 214, 121 So. 468 (1929), in which this Court upheld the defendants’ convictions despite the fact that the informations were signed by assistant prosecuting attorneys who at the time were not authorized by the Florida Constitution to sign charging informations.
In Gerlaugh, the defendant pleaded guilty to the charges against him. Later, he challenged his confinement in a petition for a writ of habeas corpus on the basis that the information in his case was signed by an assistant state attorney instead of a state attorney. After noting that in a similar case this Court had described an information signed by an unauthorized attorney as being “null, void, and of no effect,” this Court clarified that quoted language from that prior decision “must be related to the factual situation presented by the record” in that case and “must be considered as holding only that upon timely objections to an information on the ground that it was not signed by the State’s Attorney such an information is null, void and of no effect.” Id. at 889-90. In short, this Court determined that a claim that an unauthorized prosecuting attorney signed the information was a not defect that would lead to a void conviction.
Similarly, in Young, the defendant filed a petition for a writ of habeas corpus alleging that he was convicted and sentenced upon an information signed, sworn to, and filed by the assistant county solicitor pursuant to an unconstitutional statute, instead of by the county solicitor as required by the Florida Constitution. This Court denied Young’s motion for rehearing of his petition, explaining:
It does not appear that at the trial the defendant by motion to quash, motion in arrest of judgment, or otherwise during *264 the same term of the court made any objection or exception to the manner in which the information was signed or sworn to. The court had jurisdiction of the offense and of the defendant, and it is not alleged that the information did not charge an offense under the laws of this state.... The statute purporting to authorize the assistant county solicitor to file information under his own oath may be invalid in that respect, but this does not make void a judgment of conviction on such an information, rendered by a court having jurisdiction of the parties and of the subject-matter, and when a defendant does not duly object to the manner in which the information is signed and sworn to, at the proper time and in the proper way, he thereby waives his right to do so, and cannot invoke habeas corpus to obtain a discharge from custody.
121 So. at 468 (emphasis added).
We see no difference between Car-bajal’s situation and the errors addressed in Gerlaugh and Young. We continue to hold that a conviction resulting from an information signed by a state officer lacking authority is not void ab initio but is, at most, voidable upon timely challenge.
Here, Carbajal effectively concedes that his postconviction motion is barred as untimely under rule 3.850 unless the judgment entered against him is void. And he has failed to show that the judgment is void. He has failed to establish either that the circuit court lacked jurisdiction to enter the judgment or that the OSP’s lack of jurisdiction rendered the judgment void. Carbajal’s claim concerning the OSP’s jurisdiction is a claim that he should have raised long ago. The claim was untimely under rule 3.850 when Carbajal’s motion was filed and is accordingly barred.
III. CONCLUSION
We therefore approve the Second District’s affirmance of the circuit court’s denial of Carbajal’s motion and disapprove Luger and Winter. Likewise, we disapprove Small, Brown, and Zanger, to the extent that those decisions hold that a defect regarding the jurisdiction of the OSP renders a conviction void ab initio.
It is so ordered.
PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.