EVANDER, J.
 

 Major McCray appeals his conviction for conspiracy to traffic in cocaine. He raises several issues on appeal, only one of which merits discussion.
 

 McCray was charged by an information filed by the Office of the Statewide Prosecutor (OSP). OSP has the authority to prosecute an offense when any such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits.
 
 See
 
 Art. IV, § 4(b), Fla. Const.; § 16.56(l)(a), Fla. Stat. (2009).
 

 McCray argues that the State failed to present evidence that his alleged criminal act occurred in, or was connected with, a criminal conspiracy affecting more than one judicial circuit. Therefore, according to McCray, his conviction is void because OSP’s lack of authority to prosecute the instant case divested the trial court of subject matter jurisdiction. This argument was recently rejected by the Florida Supreme Court in
 
 Carbajal v. State,
 
 75 So.3d 258 (Fla.2011). There, our supreme court held that even assuming that OSP, in fact, lacked authority to prosecute the case, such a defect in the information would not divest the circuit court of jurisdiction over the felony offenses brought against the defendant.
 
 Id.
 
 at S629. The court went on to state: “We continue to hold that a conviction resulting from an information signed by a state officer lacking authority is not void ab initio but is, at most, voidable upon timely challenge.”
 
 Id.
 
 at S630.
 

 In the instant case, no timely challenge was made to the information or to OSP’s authority to prosecute the case against McCray.
 

 AFFIRMED.
 

 TORPY and LAWSON, JJ., concur.