497 So.2d 957 (1986)
Billy M. BOOKER, Appellant,
v.
STATE of Florida, Appellee.
No. BK-187.
District Court of Appeal of Florida, First District.
November 17, 1986.
*958 Ted A. Stokes, Milton, for appellant.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant appeals his conviction of misdemeanor offenses, entered in circuit court, arguing that the circuit court lacked jurisdiction to try the misdemeanor charges. We agree and reverse.
The appellant was charged in circuit court with one felony and three misdemeanor charges. Upon defense motion, the felony charge was severed from the misdemeanor charges. Two separate jury trials were held in circuit court and appellant was found not guilty of the felony count, but guilty of all three misdemeanors. Because appellant was found guilty in circuit court solely on misdemeanor offenses, the circuit court, under the circumstances, lacked subject matter jurisdiction.
Article V, Section 20(c)(3) of the Florida Constitution, provides that circuit courts shall have jurisdiction "of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged ..." See also § 26.012(2)(d), Fla. Stat. The sole purpose of the provision vesting jurisdiction in the circuit court to try felonies and misdemeanors is judicial efficiency and economy of time, in order for the felony and misdemeanor charges to be disposed of in a single proceeding. See Schueren v. State, 370 So.2d 83 (Fla. 1st DCA 1979). Once the trial court below granted the appellant's motion to sever, the intent of the constitutional provision was defeated, and any consideration of the relationship between the felony and misdemeanor charges became irrelevant. The circuit court was no longer the proper forum in which a separate trial on solely misdemeanor charges could be held.
Since the question of whether a court has subject matter jurisdiction involves a claim of fundamental error which can be raised at any time, even for the first time on appeal, Christopher v. State, 397 So.2d 406 (Fla. 5th DCA 1981), we reverse the judgment and sentence entered on the misdemeanor charges.
REVERSED.
WIGGINTON and BARFIELD, JJ., concur.