HARRIS, Judge.
Gary Charles Neth was charged with seven counts of withholding information from a physician under section 893.13(2)(a)(7), Florida Statutes. Although each such offense, singly, is a misdemean- or, section 893.13(2)(b) enhances the offense to a third degree felony “upon a second or subsequent violation.”
The State chose to file the charges in a single action in the circuit court alleging one misdemeanor count (the felony-qualifying count) and six third degree felonies. On motion, the trial court dismissed the action because it lacked jurisdiction to try the matter. We agree and affirm.
It is true that the legislature has given circuit courts the jurisdiction “[o]f all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged.” Section 26.012(2)(d), Florida Statutes. However, this contemplates that the charged felony will give the court jurisdiction and such jurisdiction will include associated misdemeanors. For example, a defendant charged with robbery can also be tried in the same action for a separate battery committed during the robbery or be found guilty of a lesser included misdemeanor justified under the charged felony.
In this case, there is no charged qualifying felony to support jurisdiction. The court must, in fact, first convict for a misdemeanor before its jurisdiction attaches. The legislature did not intend section 26.-012(2)(d) to confer jurisdiction in this situation.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.