704 So.2d 197 (1998)
STATE of Florida, Appellant,
v.
Scott COBLE, Appellee.
No. 96-2960.
District Court of Appeal of Florida, Fourth District.
January 7, 1998.
*198 Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, Barry E. Krischer, State Attorney, and Theodore S. Booras, Chief Assistant State Attorney, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Assistant Public Defender, West Palm Beach, for appellee.
SHAHOOD, Judge.
The state appeals from a final order dismissing a county court misdemeanor DUI case for lack of jurisdiction. The state argues that the County Court had jurisdiction over the misdemeanor offense where the felony and misdemeanor offenses arose out of the same set of circumstances, and where the felony offense had already been resolved.
This appeal is also before us on the following certified question from the County Court:
Whether section 26.012(2)(d), Florida Statutes, which provides that Circuit Courts shall have exclusive original jurisdiction of all misdemeanors which arise out of the same circumstances as a felony which is also charged requires the misdemeanor be charged on the same information as the felony, or whether the County Court has jurisdiction where the information charging the misdemeanor is filed first in County Court and, if so, whether the County Court loses jurisdiction over the misdemeanor where the information charging the felony is thereafter filed in Circuit Court.
We have accepted jurisdiction pursuant to rules 9.030(b)(4)(A) and 9.160, Florida Rules of Appellate Procedure. We answer the certified question in the following manner. First, for reasons discussed below, we hold that section 26.012(2)(d), Florida Statutes, vests in the circuit courts, exclusive original jurisdiction over all misdemeanors which arise out of the same circumstances as a felony also charged. Second, we hold that, where a misdemeanor is originally filed first in County Court, that court will lose jurisdiction over the misdemeanor where an Information charging a felony is thereafter filed in Circuit Court, only upon the filing by either party of a motion to consolidate.
As to the state's appeal of the County Court's final order dismissing the misdemeanor case for lack of jurisdiction, we hold that since no motion to consolidate was ever filed by either party which divested the County Court of jurisdiction, and where the felony charge in Circuit Court was resolved, the County Court continued to have jurisdiction over the still pending misdemeanor charge.
On October 27, 1994, appellee was charged by Information in County Court with misdemeanor DUI. On October 31, 1994, appellee was charged by Information in Circuit Court with possession of cocaine and possession of drug paraphernalia. Both charges arose from the same incident on October 24, 1994. On February 8, 1995, appellee pled guilty to *199 possession of cocaine, a third degree felony, and was sentenced to two years' probation.
On July 21,1995, appellee filed a motion to dismiss the County Court DUI case for lack of jurisdiction. As grounds therefor, appellee stated:
1. The defendant was arrested for felony possession of cocaine. While the defendant was being arrested, the police officers smelled alcohol on the defendant's breath which eventually lead to the defendant being charged with misdemeanor driving under the influence as well as possession of cocaine.
2. The circuit court has exclusive jurisdiction over all misdemeanors associated with a charged felony ... This misdemeanor DUI case is associated with a charged felony.
Following a hearing on said motion, on July 21, 1995, the County Court granted appellee's motion dismissing the DUI case for lack of jurisdiction. In so doing, the court held as follows:
HEREBY ORDERED AND ADJUDGED THAT:
the case is dismissed without prejudice for lack of jurisdiction because this misdemeanor driving under the influence is associated with a charged felony. The circuit court has exclusive jurisdiction over all misdemeanors associated with a charged felony. § 26.012(2)(d), Fla. Stat. (1993). See also, State v. Neth, 615 So.2d 848 (Fla. 5th DCA 1993); State v. Vazquez, 450 So.2d 203 (Fla.1984).
On August 4, 1995, the state filed a notice of appeal in the Circuit Court appealing the above decision. The Circuit Court concluded that the issue raised above was of such importance that it should be decided by this court. As such, the matter was remanded to the County Court with directions to invoke this court's discretionary jurisdiction and certify the above question. This discretionary appeal is now before this court.
Article V, section 20(c)(3), of the Florida Constitution and section 26.012(2)(d), Florida Statutes (1993) gives exclusive original jurisdiction to circuit courts "[o]f all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged." (Emphasis supplied). See Worley v. State, 396 So.2d 1153, 1154 (Fla. 2d DCA 1981)("We construe section 26.012(2)(d), to mean that the circuit court has jurisdiction over a misdemeanor only when the misdemeanor and the felony arising out the same circumstances are committed by the same person."). Further, section 34.01(1)(a), Florida Statutes (1993) gives county courts original jurisdiction "[i]n all misdemeanor cases not cognizable by the circuit courts."
Under section 26.012(2)(d), where a felony charge and a misdemeanor charge arise from the same circumstances, the charged felony will give the circuit court exclusive jurisdiction and that such jurisdiction will include associated misdemeanors. See State v. Neth, 615 So.2d 848 (Fla. 5th DCA 1993). However, where the circuit court erroneously asserts jurisdiction over a misdemeanor not arising from a felony, any conviction for the misdemeanor is void. See Oladipupo v. State, 574 So.2d 301, 302 (Fla. 5th DCA 1991); White v. State, 568 So.2d 1318 (Fla. 2d DCA 1990).
In this case, the misdemeanor charge against appellee was filed first in County Court. Subsequently, the felony charge arising from the same circumstances was filed against appellee in Circuit Court. The felony charge was thereafter resolved, leaving only the misdemeanor charge still pending.
As an initial matter, we hold that, under section 26.012(2)(d), Florida Statutes and the Florida Constitution, the state is obligated to file all felonies and misdemeanors arising out of the same circumstances in the circuit court. See § 26.012(2)(d), Fla. Stat. (1993) and Art. V, § 20(c)(3), Fla. Const. The state may not elect to choose which cases are subject to the circuit court's exclusive jurisdiction by filing the misdemeanor and felony charges in separate courts.
However, we find that where misdemeanor and felony charges arising out of the same circumstances have been filed in both county and circuit courts, the county circuit is not automatically divested of jurisdiction. Rather, a motion to consolidate by either party is *200 required to divest the county court of jurisdiction. See State v. Woodruff, 676 So.2d 975, 976 n. 2 (Fla.1996).
In this case, no motion to consolidate had been filed and, even if one had been filed, consolidation would have been improper since once the felony had been resolved, jurisdiction no longer could be vested in the circuit court. In support thereof, we find the holding of the First District Court of Appeal in Booker v. State, 497 So.2d 957 (Fla. 1st DCA 1986) to be instructive.
In Booker, the defendant was charged in circuit court with one felony and three misdemeanors. Upon defense motion, the felony charge was severed from the misdemeanor charges. Two separate jury trials were held in circuit court; the defendant was found not guilty of the felony count and guilty on the misdemeanors. The First District held that the circuit court lacked subject matter jurisdiction over the misdemeanor offenses. The court explained its reasoning as follows:
The sole purpose of the provision vesting jurisdiction in the circuit court to try felonies and misdemeanors is judicial efficiency and economy of time, in order for the felony and misdemeanor charges to be disposed of in a single proceeding. Once the trial court below granted the appellant's motion to sever, the intent of the constitutional provision was defeated, and any consideration of the relationship between the felony and misdemeanor charges became irrelevant. The circuit court was no longer the proper forum in which a separate trial on solely misdemeanor charges could be held.
Id. (emphasis in original) (citation omitted).
As with the filing of the motion to sever in Booker, upon resolution of the felony charge in the instant case, the purposes of judicial efficiency and economy of time, embodied in section 26.012(2)(d), were no longer at issue. In this case, as in Booker, once the felony was resolved, the relationship between the felony and misdemeanor charges became irrelevant. As such, once the felony charge was resolved, the Circuit Court was no longer a proper forum for a separate trial solely on the misdemeanor charge.
Accordingly, we find that the County Court did have jurisdiction over the still pending misdemeanor charge. Appellee had never filed a motion to consolidate and, even if such motion had been filed, the resolution of the felony charge would have divested the Circuit Court of any jurisdiction over the misdemeanor. Therefore, we reverse the County Court's order granting appellee's motion to dismiss for lack of jurisdiction and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
POLEN, J., and KOENIG, JULIE, Associate Judge, concur.