934 So.2d 659 (2006)
Bernard BRADY, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-1018.
District Court of Appeal of Florida, Second District.
August 4, 2006.
*660 William Newt Hudson, Tarpon Springs, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Respondent.
WALLACE, Judge.
Bernard Brady petitioned this court for a writ of prohibition. In his petition, Brady alleged a violation of his right to a speedy trial under Florida Rule of Criminal Procedure 3.191. By a prior unpublished order, this court granted the petition for writ of prohibition. We issue this opinion now to explain our earlier ruling.
*661 On October 8, 2005, Brady was arrested for driving under the influence (DUI) and for possession of a controlled substance. Upon his arrest, Brady was issued a uniform traffic citation for the DUI offense. The ninety-day speedy trial period for bringing Brady to trial on the misdemeanor DUI charge expired on January 6, 2006. Six days later, the State filed a two-count information in the Pasco County Circuit Court charging Brady with possession of a controlled substance, to-wit: carisoprodol, a third-degree felony (count one), and DUI, a first-degree misdemeanor (count two). Brady moved to dismiss count two of the information filed in the circuit court. On February 6, 2006, the circuit court orally denied Brady's motion.
In his petition filed in this court, Brady pointed out that the State filed the information in the circuit court more than ninety days after the date of his arrest. He argued that the information was untimely filed with regard to the misdemeanor DUI charge and that the circuit court lacked jurisdiction over count two of the information. In response, the State contended that the circuit court properly acted within its jurisdiction because the misdemeanor DUI charge was consolidated with the felony possession charge when the two-count felony information was filed in the circuit court.
A writ of prohibition is the appropriate remedy for the improper denial of the right to speedy trial. Lovelace v. State, 906 So.2d 1258, 1259 (Fla. 4th DCA 2005) (citing Lowe v. Price, 437 So.2d 142 (Fla.1983)). Under rule 3.191(a), a person charged with a misdemeanor must be brought to trial within ninety days from the date of his arrest and a person charged with a felony must be brought to trial within 175 days from the date of his arrest. However, "[w]hen a felony and a misdemeanor are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony." Fla. R.Crim. P. 3.191(f). Substantially similar language previously appeared in subsection (b)(2) of the rule. The 1980 committee note to the former subsection (b)(2) explains that "[t]o claim benefit under this provision, the crimes must be consolidated before the normal time period applicable to misdemeanors has expired." In re Rules of Criminal Procedure, 389 So.2d 610, 616 (Fla.1980). Thus a misdemeanor charge cannot be revived by consolidating or joining it with a felony charge after the time for speedy trial runs. Alvarez v. State, 791 So.2d 574, 575 (Fla. 4th DCA 2001); Goldman v. State, 645 So.2d 1089, 1091 (Fla. 4th DCA 1994); Livingston v. State, 564 So.2d 612, 613 (Fla. 1st DCA 1990); see also State v. Robbins, 863 So.2d 168, 168 (Fla.2003) (Wells, J., dissenting) (stating that Alvarez, 791 So.2d 574, and Livingston, 564 So.2d 612, answer the following certified question in the affirmative: "When an information charging a defendant with both misdemeanor and felony charges is filed after the expiration of the speedy trial period for misdemeanors, must the misdemeanor counts be dismissed?").
Brady was initially charged with misdemeanor DUI when the uniform traffic citation was filed in the Pasco County Court under case number CTC05-7796SBATWS. Later, the State filed the two-count information in the circuit court under case number CRC05-05120CFAWS, charging Brady with felony possession of a controlled substance and misdemeanor DUI. The State's assertion that the misdemeanor DUI charge and the felony possession charge were consolidated by the filing of the felony information in the circuit court is incorrect. The charging document that joins felony and misdemeanor counts *662 must be filed before the expiration of the misdemeanor speedy trial period. Alvarez, 791 So.2d at 575.
In this case, the State filed the two-count information in the circuit court after the expiration of the misdemeanor speedy trial time period. Furthermore, the county court is not automatically divested of jurisdiction when "misdemeanor and felony charges arising out of the same circumstances have been filed in both county and circuit courts." State v. Coble, 704 So.2d 197, 199 (Fla. 4th DCA 1998). "Rather, a motion to consolidate by either party is required to divest the county court of jurisdiction." Id. at 199-200 (citing State v. Woodruff, 676 So.2d 975, 977 n. 2 (Fla.1996) (stating that consolidation may be accomplished upon timely motion of a party)). Here, neither the State nor the defense filed a motion to consolidate the two cases prior to the expiration of the ninety-day speedy trial time period. Thus the county court was never divested of jurisdiction over the misdemeanor DUI charge, and the circuit court never properly obtained jurisdiction over that charge.
Accordingly, we granted the writ and prohibited the circuit court from exercising further jurisdiction over Brady on count two of the information filed in circuit court case number CRC05-05120CFAWS. Our decision did not affect the pending county court case number CTC05-7796SBATWS.
DAVIS and VILLANTI, JJ., Concur.