985 So.2d 656 (2008)
STATE of Florida, Petitioner,
v.
Bernard BRADY, Respondent.
No. 2D07-4660.
District Court of Appeal of Florida, Second District.
June 27, 2008.
*657 Bill McCollum, Attorney General, Tallahassee, and Robert J. Krauss, Chief Assistant Attorney General, Tampa, for Petitioner.
Wm. Newt Hudson, Tarpon Springs, for Respondent.
WALLACE, Judge.
The State petitions this court for a writ of certiorari to quash an order of the circuit court acting in its appellate capacity. The circuit court order upheld the Pasco County Court's dismissal on speedy trial grounds of a driving-under-the-influence (DUI) charge. Because the circuit court failed to apply the correct law concerning the effect of a waiver of speedy trial, we grant the petition and quash the circuit court's order.

I. BACKGROUND

A. The Prior Appeal
This is the second appearance of this case before this court. In Brady v. State (Brady I), 934 So.2d 659 (Fla. 2d DCA 2006), Bernard Brady petitioned this court for a writ of prohibition based on his claim of a violation of his right to a speedy trial under Florida Rule of Criminal Procedure 3.191. On March 24, 2006, we granted the petition by an unpublished order. We subsequently issued the opinion in Brady I to explain our earlier ruling.
In Brady I, we recited the pertinent facts as follows:
On October 8, 2005, Brady was arrested for driving under the influence (DUI) and for possession of a controlled substance. Upon his arrest, Brady was issued a uniform traffic citation for the DUI offense. The ninety-day speedy trial period for bringing Brady to trial on the misdemeanor DUI charge expired on January 6, 2006. Six days later, the State filed a two-count information in the Pasco County Circuit Court charging Brady with possession of a controlled substance, to-wit: carisoprodol, a third-degree felony (count one), and DUI, a first-degree misdemeanor (count two). Brady moved to dismiss count two of the information filed in the circuit court. On February 6, 2006, the circuit court orally denied Brady's motion.
Id. at 661. The State filed the information in the circuit court more than ninety days after Mr. Brady's arrest.
Based on these facts, Mr. Brady argued in Brady I "that the information was untimely filed with regard to the misdemeanor DUI charge and that the circuit court lacked jurisdiction over count two of the information." Id. We agreed with Mr. Brady, and we granted his petition. In *658 explaining our decision, we said, in pertinent part:
In this case, the State filed the two-count information in the circuit court after the expiration of the misdemeanor speedy trial time period. Furthermore, the county court is not automatically divested of jurisdiction when "misdemeanor and felony charges arising out of the same circumstances have been filed in both county and circuit courts." State v. Coble, 704 So.2d 197, 199 (Fla. 4th DCA 1998). "Rather, a motion to consolidate by either party is required to divest the county court of jurisdiction." Id. at 199-200 (citing State v. Woodruff, 676 So.2d 975, 977 n. 2 (Fla.1996) (stating that consolidation may be accomplished upon timely motion of a party)). Here, neither the State nor the defense filed a motion to consolidate the two cases prior to the expiration of the ninety-day speedy trial time period. Thus the county court was never divested of jurisdiction over the misdemeanor DUI charge, and the circuit court never properly obtained jurisdiction over that charge.
Id. at 662. Based on this analysis, we prohibited the circuit court from exercising further jurisdiction over Mr. Brady on count two (the DUI charge) of the information filed in the circuit court. Id. However, we specifically noted that our decision had no effect on the pending county court case.[1]

B. The Subsequent Proceedings in the County Court
While Mr. Brady's petition for a writ of prohibition to the circuit court was pending in this court, he filed a motion for discharge on speedy trial grounds in the county court. After our written opinion issued, the Pasco County Court held a hearing on Mr. Brady's motion and granted it. The county court's order provided that Mr. Brady "is hereby forever discharged from the alleged misdemeanor offense of driving under the influence."
The county court did not make any findings of fact or conclusions of law in either its oral ruling or in its written order. However, in announcing his ruling, the county judge is reported to have made a statement that appears to have been an attempt to quote from this court's opinion in Brady I:
THE COURT: ["]The county court was never the best jurisdiction over the misdemeanor DUI charge and the circuit court never properly obtained jurisdiction over that charge.["] Okay. I'm going to grant the motion to discharge.
(Emphasis added.) We doubt that the county judge actually made this statement in the form attributed to him. Instead, we are inclined to believe that the substitution of the words "the best" for "divested of" in the quoted material is the result of a transcription error. No matter how this error occurred, there is no doubt that the statement misquotes this court's opinion and misstates our holding in Brady I:
Thus the county court was never divested of jurisdiction over the misdemeanor DUI charge, and the circuit court never obtained jurisdiction over that charge.
Id. (emphasis added).

C. The Circuit Court's Opinion
Whatever the explanation for the misquotation from Brady I in the transcript of the hearing held in the county court, the circuit court's written opinion affirming the order discharging Mr. Brady quotes without comment the lower tribunal's purported conclusion that "the county court was never the best jurisdiction over the misdemeanor *659 DUI charge." (Emphasis added.) The circuit court's uncritical repetition of the apparent transcription error in the record of the county court proceedings indicates that the circuit court misinterpreted our holding in Brady I. In addition to misinterpreting Brady I, the circuit court's opinion never addressed the State's only argument on appeal from the county court to the circuit court: that Mr. Brady had waived his right to a speedy trial on the DUI charge in the county court.

II. AN OVERVIEW
The question of whether Mr. Brady waived his right to a speedy trial on the DUI charge in the county court is at the heart of this case. The State contends that Mr. Brady waived his right to a speedy trial on the misdemeanor DUI charge in the county court at one of the hearings held prior to the issuance of our opinion in Brady I. To discuss this question, we must first review the events that occurred at the hearings held in the circuit court on January 27 and February 6, 2006, prior to the issuance of our opinion in Brady I. Next, we will review the proceedings at the post-Brady I hearing which resulted in the dismissal of the DUI charge in the county court. This review of the proceedings in the circuit court and in the county court will provide the foundation necessary for our discussion of the speedy trial issue. However, before proceeding to a review of the events at these hearings and a discussion of the question of waiver, we will note our standard of review.

III. THE STANDARD OF REVIEW
On review by certiorari of the decision of the circuit court acting in its appellate capacity, we do not give the parties an opportunity for a second appeal. Instead, we may grant such a petition only in "those instances in which the lower court did not afford procedural due process or departed from the essential requirements of the law." Hous. Auth. of Tampa v. Burton, 874 So.2d 6, 8 (Fla. 2d DCA 2004) (citing Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003)). "A failure to observe `the essential requirements of law' has been held synonymous with a failure to apply `the correct law.'" Id. (citing Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). "[I]n addition to case law dealing with the same issue of law, an interpretation or application of a statute, a procedural rule, or a constitutional provision may be the basis for granting certiorari review." Kaklamanos, 843 So.2d at 890. Here, the State does not argue that the circuit court deprived it of procedural due process. Therefore, we may not grant relief unless we determine that the circuit court departed from the essential requirements of the law with a resulting miscarriage of justice. Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla. 2000); Combs v. State, 436 So.2d 93, 95-96 (Fla. 1983).

IV. THE PRE-BRADY I HEARINGS

A. The January 27, 2006, Hearing on the Notice of Speedy Trial Expiration
On January 27, 2006, defense counsel appeared in the circuit court at a hearing that had been scheduled by the State on the notice of expiration of speedy trial time that defense counsel had filed in the county court case. Circuit Court Judge Joseph A. Bulone presided at the hearing. Defense counsel argued that the circuit court did not have jurisdiction over the DUI chargethe charge then identified by the State as "count two" of the information filed in the circuit court. Defense counsel observed that four days earlier, on January 23, 2006, he had filed a notice of *660 expiration of speedy trial time in the county court where his client was originally charged with DUI and where jurisdiction of the DUI charge remained.[2] Defense counsel offered the helpful suggestion that the State "ought to be setting that County Court case for trial."
The prosecutor responded that the State had "encompassed the misdemeanor into the felony number" and that by rule this action removed the DUI charge from the county court. The prosecutor insisted that jurisdiction over the DUI charge had been transferred to the circuit court when the DUI charge was joined in an information with the felony charge for possession of a controlled substancea charge identified in the information as "count one." Based on the joinder of the DUI charge in the felony information, the prosecutor asserted that the hearing on Mr. Brady's notice of expiration of speedy trial time was properly before the circuit court. The prosecutor informed Judge Bulone that as long as the misdemeanor DUI charge was tried with the felony charge, she would "be more than happy to try this [case] next week."
After considering the pertinent facts and the requirements of the speedy trial rule, Judge Bulone noted that a hearing was required to be held within five days after the filing of a notice of expiration of speedy trial time and that a trial must commence within ten days after the hearing. See Fla. R.Crim. P. 3.191(p)(3); see also State v. McCullers, 932 So.2d 373, 374 (Fla. 2d DCA 2006) (discussing rule 3.191(p)(3) and the "window of recapture"). Judge Bulone then set Mr. Brady's trial for February 6, 2006, ten days after the January 27 hearing and fourteen days after Mr. Brady had filed his notice of expiration of speedy trial time.

B. The Motion to Dismiss Count Two and the February 6, 2006, Hearings
After the completion of the January 27 hearing, Mr. Brady filed a motion to dismiss the DUI chargecount twoas charged in the felony information. This motion was filed in the circuit court proceedings. Judge Bulone heard this motion on February 6, 2006, the day on which Mr. Brady's trial had been scheduled. Judge Bulone denied the motion to dismiss count two, but he informed defense counsel that "in an abundance of caution, I have decided to assume that your Notice of Expiration is valid, and we're going to give you your speedy trial when you want it, which would be today on the 14th day."
Next, the court and counsel had an extended discussion about discovery issues that had become pressing because of the scheduling of the trial for later that day. At the conclusion of this discussion, Judge Bulone assured defense counsel that he would "do everything humanly possible to accommodate" Mr. Brady on the discovery issues. Judge Bulone continued by suggesting to defense counsel, "If you'd like to waive speedy trial at this point, waive your motion, you may." Defense counsel responded that he would like to waive his right to speedy trial on count onethe felony chargeand to preserve his arguments and speedy trial issues on count twothe misdemeanor DUI charge.
Defense counsel than announced his intention to seek a writ of prohibition on count two:
[DEFENSE COUNSEL]: I'm going to file a Petition for Writ of Prohibition as to Count Two, which will automatically put a squelch to that, and that's the proper remedy. The State agrees with that, and that will make the issue of *661 Count Two go away, go away, preserving my right to argue that. But that's my proper remedy to speedy trial is to go by Writ of Prohibition.
After defense counsel made known his intentions to seek a writ of prohibition, a lengthy discussion between the court and counsel occurred concerning whether the two counts in the felony information could be severed for trial. At the conclusion of this discussion, defense counsel asserted that because the circuit court did not have jurisdiction over the DUI charge, the recapture period applicable to that charge was continuing to run in the county court.
The exchange between Judge Bulone and defense counsel that followed defense counsel's assertion that the recapture period was continuing to run in county court is critical to the question of whether Mr. Brady waived his right to speedy trial on the DUI charge in the county court. Judge Bulone asked defense counsel a direct question: "Well, do you want your trial in County Court?" Defense counsel's answer was equally direct: "No . . . . I'm going to file a Petition for [Writ of Prohibition]." (Emphasis added.) When Judge Bulone offered Mr. Brady a trial on the DUI charge in the county court a second time, the following exchange between the court and defense counsel occurred:
THE COURT: Well, there's an order, and there's been an order for a long time in this circuit that a Circuit Court Judge is also an acting County Court Judge; so if you would like to just proceed on the DUI [charge] in County Court, we can go ahead and do that.

[DEFENSE COUNSEL]: But my whole argument, Judge, is this. This Circuit Court has no jurisdiction over Count Two of the Felony Court Information because it was untimely filed.
THE COURT: So if you're right, then a County Court Judge can go ahead and hear that; correct?
[DEFENSE COUNSEL]: Correct.
THE COURT: All right, so by an administrative order, and I'm [an] acting County Court Judge, so if you would like a trial on Count Two, then we'll go ahead and reset Count One in the future, we can do that, would you like to do that?

(Emphasis added.) Although defense counsel had answered in the negative only moments before when Judge Bulone had asked him if he wanted a trial on the DUI charge in the county court, this time defense counsel avoided a direct answer to the question. Instead, defense counsel reiterated his intention to "go ask the Second DCA for [a] Writ of Prohibition." After further inconclusive wrangling between defense counsel and the prosecutor, Judge Bulone announced that Mr. Brady's trial would begin at 2 p.m. that daythe fourteenth day after Mr. Brady had filed his notice of expiration of speedy trial time in the county court.
Nevertheless, there was no trial in Mr. Brady's case that day. When the court and counsel reconvened to begin the trial at 2 p.m., defense counsel moved for a continuance so that he could prepare and file his petition for a writ of prohibition on count two of the circuit court case, the DUI charge. To this end, defense counsel announced that Mr. Brady would waive his right to a speedy trial on counts one and two of the circuit court case. After confirming Mr. Brady's agreement to the speedy trial waiver, Judge Bulone continued the trial.

V. THE POST-BRADY I HEARING: RETURN TO THE COUNTY COURT
While Mr. Brady's petition for a writ of prohibition was pending in this court, he *662 filed a motion for discharge in the county court on the misdemeanor DUI charge based on the State's failure to bring him to trial within the recapture period. After our opinion in Brady I issued, the county court held a hearing on August 14, 2006, on Mr. Brady's motion. Our review of the record of the hearing in the county court reveals that the parties had available to them transcripts of the two February 6, 2006, hearings that had been held in the circuit court before Judge Bulone. Nevertheless, the August 14 hearing in the county court featured an extended debate between defense counsel and the prosecutor about what had actually occurred during the two February 6 hearings before Judge Bulone.
The prosecutor argued that Mr. Brady had waived his right to speedy trial on the DUI charge before Judge Bulone on February 6, 2006. In support of this argument, the prosecutor observed that Judge Bulone "gave [defense counsel] the opportunity to have his case tried in county court and he said, `No, I want to file a writ of prohibition.'" Defense counsel had a different view of what had occurred at the February 6 hearings before Judge Bulone. In response to the prosecutor's argument, defense counsel said:
[The State] never had Judge Bulone, the circuit court judge, come along and say, I'm going to sit as a county court judge. I'm going to have your calendar call hearing and I'm going to set your county court case within 10 days, which they arguably could have done.
They never did that. This case is dead. It's been dead since the speedy trial clock ran on it back in February of this year.
Despite Judge Bulone's repeated offers at the February 6 hearings to try the misdemeanor DUI charge as an acting county court judge, defense counsel argued that Judge Bulone was actually offering to try count two of the circuit court case. In support of this argument, defense counsel pointed out that Judge Bulone had never said, "I'm going to act as a county court judge and I'm going to try the DUI case in [traffic citation number] 057796."
Defense counsel's argument led the county court to focus on whether Judge Bulone had actually spoken the correct county court case number when he identified the case he was offering to try as an acting county court judge:
[DEFENSE COUNSEL]: For [the State] to take the position that my client was offered the opportunity to have Judge Bulone sit with a county court judge's robe on and that we were going to try this county court case 
THE COURT: Under the county court case number?
[DEFENSE COUNSEL]: Never happened. Never was even imagined by anybody at the time of the hearing.
THE COURT: [Judge Bulone] said he would try it on count two of the felony?
[DEFENSE COUNSEL]: Correct.
In response, the prosecutor argued that Judge Bulone's offer to try the misdemeanor DUI as an acting county court judge was unambiguous. The prosecutor concluded that it was inappropriate to "punish the Court and punish the people of the State of Florida because the judge did not specifically say, I'll try Count No. CTC05555, or you know whatever the case number is, when we all know . . . what case he was talking about." After hearing these extended arguments about what Judge Bulone had actually offered to do, the county court judge repeated the quotation from Brady I discussed above and without further explanationannounced *663 that he would grant the motion for discharge.

VI. DISCUSSION

A. Mr. Brady's Waiver of his Right to Speedy Trial
We begin our discussion by noting the basic principle that a defendant may waive his or her right to a speedy trial. "[T]he right to a speedy trial is a personal right which may be waived by the conduct of defendant or his counsel." State ex rel. Sheppard v. Duval, 287 So.2d 370, 372 (Fla. 3d DCA 1973) (citing State v. Earnest, 265 So.2d 397, 400 (Fla. 1st DCA 1972)). "It is clearly recognized that the periods of time established by the speedy trial rule may be waived by the defendants' affirmative action." State v. Stanzione, 315 So.2d 500, 502 (Fla. 4th DCA 1975).
Here, Mr. Brady argues that his waiver of his right to a speedy trial on the misdemeanor DUI charge was effective only in the circuit court case, not in the county court case. He claims that the speedy trial clock continued running on the misdemeanor DUI charge in the county court and was never suspended on account of anything he said or did in the circuit court. The State responds that Mr. Brady waived speedy trial in the county court case when he declined the offer that Judge Bulone made at the February 6 hearing to try the misdemeanor DUI charge as an acting county court judge.
As we held in Brady I, the circuit court never acquired jurisdiction over the misdemeanor DUI charge. However, it does not follow from this conclusion that the speedy trial clock continued to run uninterrupted in the county court. At the January 27 hearing, the State offered to try Mr. Brady on both counts within the recapture period for the misdemeanor. When defense counsel argued at the February 6 hearing that the circuit court did not have jurisdiction to try Mr. Brady on count twothe misdemeanor DUI charge Judge Bulone offered to invoke the administrative order then in effect,[3] granting the judge the authority to sit as an acting county court judge and to try Mr. Brady on the county court charge. Defense counsel declined this offer.
Mr. Brady argues that Judge Bulone only offered to try the circuit court case because Judge Bulone did not verbalize the correct county court case number. Mr. Brady's interpretation of the events at the February 6 hearing is that Judge Bulone was offering to sit as an acting county court judge and hear the circuit court case. This view defies logic and common sense. In addition, the transcript establishes that Judge Bulone knew very well that acceptance by Mr. Brady of the court's proposal would mean that the judge would be sitting as an acting county court judge to hear the county court case:
THE COURT: . . . I have decided to assume that your Notice of Expiration is valid, and we're going to give you your speedy trial when you want it, which would be today on the 14th day. But. . . because the traffic citation was filed [in county court], and there was one filed in this case; right?
[THE PROSECUTOR]: Yes, Judge.
THE COURT: . . . [I]t's been a while since I've really done anything in County *664 Court, but the State proceeds on traffic tickets on DUIs all the time, and they don't file informations.
(Emphasis added.) If Judge Bulone had intended by his offer to try count two of the circuit court case, then he would have had no occasion to remark on the passage of time since he had "done anything in County Court" or to question whether a traffic citation for the DUI charge had been filed.[4]
Moreover, Judge Bulone's offer to try the misdemeanor DUI charge as an acting county judge was motivatedat least in partby the judge's grasp of the implication in Mr. Brady's argument that the recapture period was about to expire in the county court case while Mr. Brady sought a writ of prohibition against the prosecution of count two in the circuit court case. The following exchange between the court and defense counsel is instructive:
THE COURT: Here's what I'm worried about, and I don't know the answer. [Mr. Brady] filed a notice of Expiration of Speedy Trial, which means we have to have a trial within 15 days. And if I just say all right, we won't have a trial on that, and allow [defense counsel] to file a Writ of Prohibition, then wouldn't an Appellate Court say well, you had the 15 days to try the case, and that was your opportunity to do it, and you didn't do it, so then in effect you have violated [the] speedy trial rule by not having a trial within 15 days?
. . . .
[DEFENSE COUNSEL]: Judge, I have to ask to continue it so that I can for the Writ of Prohibition, and the Court just grants it, but it's clear that it's because I'm asking you to do it, it's not because you aren't going to give me the speedy trial that you're trying to give me as you see it within the 15-day period. . . . How about if I don't waive it as to anything, all right, and just ask the Court to continue the trial so that I can proceed to go after my Writ of Prohibition?
THE COURT: All right, so you're sure that an Appellate Court is not going to say well, in a Circuit Court you had 15 days to try the case, and that was your opportunity to do it, and you didn't do it?
[DEFENSE COUNSEL]: I'm absolutelyI'll absolutely represent to you that I will never argue to any Court that because the trial is not happening today, because I'm asking it not to happen, that that somehow gives me anymore rights. I'm just preserving the rights I've got up to this point, and my argument is that you don't have any jurisdiction; that there is no 15 days, and so the record is clear, that those 15 days are continuing to run in County Court.

(Emphasis added.) Defense counsel's warning that the recapture period was "continuing to run in County Court" immediately prompted Judge Bulone's pointed question: "Well, do you want your trial in County Court?" As recounted earlier in this opinion, defense counsel's response to this question was unequivocally in the negative.
The record of the proceedings on February 6 unambiguously demonstrates that Judge Bulone offered Mr. Brady an opportunity to be tried on the misdemeanor *665 DUI charge within the recapture period by an acting county court judge in the county court. Both the State and the court were ready to proceed with the trial that day. Thus Judge Bulone scrupulously honored Mr. Brady's right to a speedy trial on the misdemeanor DUI charge in county court. Instead of exercising his right to a speedy trial, Mr. Brady declined Judge Bulone's offer. By declining Judge Bulone's offer to try the misdemeanor DUI charge as an acting county court judge, Mr. Brady waived his right to a speedy trial on the DUI charge in the county court. See State v. Naveira, 873 So.2d 300, 308 (Fla.2004); State v. Gilliam, 884 So.2d 128, 130 (Fla. 2d DCA 2004); Stanzione, 315 So.2d at 502-03.

B. The Circuit Court's Application of the Incorrect Law
In its opinion affirming the county court's order discharging Mr. Brady, the circuit court based its decision on the proposition stated in Brady I that "a misdemeanor charge cannot be revived by consolidating or joining it with a felony charge after the time for speedy trial runs." 934 So.2d at 661 (emphasis added) (citing Alvarez v. State, 791 So.2d 574, 575 (Fla. 4th DCA 2001)). However, the circuit court overlooked our statement in Brady I that "the county court was never divested of jurisdiction over the misdemeanor DUI charge." Id. at 662. Had the circuit court properly understood our ruling in Brady I that the misdemeanor DUI charge remained pending in the county court, it would have realized that whether the State had properly revived the misdemeanor DUI charge in the felony information was no longer at issue. Thus the circuit court misinterpreted Brady I and applied the incorrect law about reviving misdemeanor charges in felony informations.
In addition, the circuit court did not apply the correct law when it failed to recognize the effect of Mr. Brady's waiver of his speedy trial right. See State v. Wilson, 690 So.2d 1361, 1363 (Fla. 2d DCA 1997). In its opinion affirming the county court's order, the circuit court completely ignored the State's waiver argument.

VII. CONCLUSION
The result of these multiple applications of the incorrect law is a miscarriage of justice because it denies the State its right to bring Mr. Brady to trial on the DUI charge in the county court. See id. Accordingly, we grant the petition for writ of certiorari, and we quash the circuit court's order that affirmed the county court's order discharging Mr. Brady.
Petition granted; order quashed.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] Our prior unpublished order included a similar cautionary note.
[2] Mr. Brady was arrested on October 8, 2005. Thus the ninety-day speedy trial window for the DUI charge expired on January 6, 2006. See Fla. R.Crim. P. 3.191(a).
[3] The Sixth Circuit's website identifies this administrative order as number 2005-057, entered on September 23, 2005, entitled "Appointment of Circuit Judges as Acting County Judges, Appointment of County Judges as Acting Circuit Judges, and Appointment of County Judges as Acting County Judges in Another County." See http://www.jud6.org/Legal Community/LegalPractice/AOSAndRules/aos/ aos2005/2005.htm.
[4] In county court, a uniform traffic citation may be used to initiate the prosecution of a DUI charge. See Fla. R. Traf. Ct. 6.010, 6.040(b); Hurley v. State, 322 So.2d 506, 507 (Fla.1975); see also Ivory v. State, 588 So.2d 1007, 1009 (Fla. 5th DCA 1991) (stating that the "Florida Rules for Traffic Courts evince a clear intent that the uniform traffic citation constitute the charging document").