VILLANTI, J.,
Concurring specially.
While I thoroughly concur with the majority’s rejection of Carbajal’s contention that “a rule 3.850 motion can be filed at any time if it asserts a claim based on the circuit court’s lack of jurisdiction,” I write to point out that even if Carbajal’s claim had been timely filed, the postconviction court properly denied relief because the record before that court showed that the Statewide Prosecutor did have jurisdiction to prosecute Carbajal.
Florida Rule of Criminal Procedure 3.190 provides, in pertinent part,
(b) Motion to Dismiss; Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(c) Time for Moving to Dismiss. Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time hereinabove provided shall be considered waived.
Fla. R.Crim. P. 3.190 (underline emphasis added).
Our record does not show that Carbajal ever filed a motion to dismiss attacking the form or substance of the information filed by the Statewide Prosecutor. Nor did he ever file a motion to dismiss based on lack of jurisdiction. Instead, he pleaded no contest to the charges against him without preserving any alleged errors or reserving his right to appeal any pre-plea rulings of the trial court. Now, five years after the plea, he seeks to raise the alleged lack of jurisdiction by the Statewide Prosecutor in this untimely rule 3.850 motion.
I recognize that if the Statewide Prosecutor files an information but lacks jurisdiction to prosecute the case, the trial court’s jurisdiction is not properly invoked. See, e.g., Brown v. State, 917 So.2d 272, 273 (Fla. 5th DCA 2005); Winter v. State, 781 So.2d 1111, 1114 (Fla. 1st DCA 2001); cf. Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927) (holding that the information must establish that the court has jurisdiction over both the subject matter and the parties). As such, any judgment arising from that prosecution would be void and subject to attack even if the defendant had pleaded guilty to the charges. See, e.g., Brown, 917 So.2d at 273; Booker v. State, 497 So.2d 957 (Fla. 1st DCA 1986). Such an attack could be raised by way of a motion for postconviction relief. Brown, 917 So.2d at 273. Further, this attack would raise a “fundamental ground” under rule 3.190(c) that would not be waived by the lack of a pre-plea motion to dismiss.
*191 However, a defendant filing a postcon-viction motion is entitled to relief from an allegedly void judgment only if that judgment is, in fact, void. If the trial court actually had jurisdiction, the defendant’s conviction is not void. Accordingly, when a defendant challenges the jurisdictional allegations of an information for the first time in a motion for postconviction relief, the circuit court must make a factual determination concerning the existence of jurisdiction before providing relief. See Brown, 917 So.2d at 273 (reversing summary denial of rule 3.850 motion attacking the jurisdiction of the statewide prosecutor and remanding for the circuit court to consider the issue on its merits); compare Winter, 781 So.2d at 1115 (reversing conviction as void based on lack of jurisdiction when the Statewide Prosecutor conceded that the events charged in the information occurred only in one judicial circuit).
Here, the postconviction court did exactly this. Faced with Carbajal’s motion, the postconviction court considered the record presented by the parties and determined that the Statewide Prosecutor did actually have jurisdiction to file the information even though such jurisdiction was not apparent on the face of the information that was filed. Because the record showed that the Statewide Prosecutor actually had jurisdiction, Carbajal’s judgment was not void. Accordingly, Carbajal was not entitled to relief, and I would affirm the post-conviction court on the merits as well.