ALVA, M.M., Associate Judge.
Marvin Williams appeals from the judgment and sentence entered after a jury *26 found him guilty of aggravated assault with a firearm and improper exhibition of a firearm. Williams raises several issues on appeal, only one of which merits discussion. Williams argues that his speedy trial rights were violated as to the improper exhibition of a . firearm misdemeanor charge, filed more than ninety days after his arrest. The underlying facts of the incident are not germane to resolving the speedy trial issue before us. However, the timing of the State’s actions in Williams’ prosecution is critical.
Williams was arrested on November 4, 2010, as the result of a road rage incident on the Florida Turnpike. On November 24, 2010, the State filed an information charging Williams with aggravated assault with a firearm. On January 20, 2011, the State filed its first amended information, again charging him with aggravated assault with a firearm.[1] On March 15, 2011, the State filed a second amended information, adding a count for improper exhibition of a firearm, a first-degree misdemeanor. Williams was convicted of both charges following a jury trial which commenced on March 28, 2011.
Florida Rule of Criminal Procedure 3.191(a) requires that a defendant charged with a misdemeanor be brought to trial within ninety days of his arrest, and a defendant charged with a felony to be brought to trial within 175 days of his arrest. When a misdemeanor is consolidated with a felony for disposition in the circuit court, the misdemeanor is governed by the speedy trial period applicable to felonies. Fla. R.Crim. P. 3.191(f). However, when the State charges a defendant with a misdemeanor after the expiration of the ninety-day speedy trial period applicable to misdemeanors, the misdemeanor charge cannot be revived by consolidating it with a felony charge. See Brady v. State, 934 So.2d 659, 661 (Fla. 2d DCA 2006).
Here, the State filed the second amended information which added the misdemeanor count 131 days after Williams’ arrest. This was well after the ninety-day speedy trial period applicable to misdemeanors had expired. Accordingly, we reverse Williams’ conviction for the misdemeanor charge of improper exhibition of a firearm and remand with instructions to the trial court to vacate the conviction. The judgment and sentence on the charge of aggravated assault with a firearm are affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA and TORPY, JJ., concur.

. The first amended information was identical to the original information, except for a change to Williams’ social security number.