NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D14-5053
                                     )
TODD J. MEYERS,                      )
                                     )
            Appellee.                )
                                     )
_____      )

Opinion filed November 4, 2015.

Appeal from the Circuit Court for Pinellas
County; Chris Helinger, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa,
for Appellant.

Ricardo Rivera of Law Office of Carlson &
Meissner, Clearwater, for Appellee.


CRENSHAW, Judge.


        On May 18, 2014, after showing all the telltale signs of inebriation while

behind the wheel of his car, Todd Meyers was stopped by police.  He failed field

sobriety tests and refused any breath tests.  He was then arrested for felony driving

under the influence of alcohol (DUI) after the officer noted, and placed directly on the

traffic citation, Meyers' three prior DUIs.  In the same citation, Meyers was charged with a misdemeanor for his failure to submit to intoxication testing.  The next day, the State filed the traffic citation in county court and on July 28, filed an information in the circuit court charging a felony for the DUI and a misdemeanor for Meyers' failure to take the breath test.

The misdemeanor speedy trial window closed on August 16.  Meyers filed a notice of expiration of speedy trial in both courts on September 15, and ultimately the circuit court granted the discharge on both counts; the State appeals.  Because the court erred in concluding the DUI was governed by the misdemeanor 90-day clock rather than the felony 175-day clock, we reverse the order of discharge as to the felony.[1]

Meyers and the circuit court lumped this case in with many other of its ilk in which felony DUI based on prior convictions is charged.  However, a felony is a felony is a felony, and in this case, the DUI was never anything but a felony.  Florida Rule of Criminal Procedure 3.191(a) states, in pertinent part, "every person charged with a crime shall be brought to trial within 90 days of arrest if the crime charged is a misdemeanor, or within 175 days of arrest if the crime charged is a felony."  It is undisputed that the State charged Meyers in the circuit court by information with felony DUI for a fourth lifetime DUI within the 90-day misdemeanor speedy trial window.  The State never filed a nolle prosequi in the county court case or moved to consolidate the proceedings.  Notably, the traffic citation first filed in the county court reflected the three

_____

[1]As to the misdemeanor count, we affirm on the record before us.

- 2 -

prior DUIs; there is no credible claim that Meyers was unaware he was being charged with felony DUI.

In this case, the court granted Meyers a discharge on the felony DUI on speedy trial grounds. This was error. The felony here was always a felony: the officer who wrote the citation had already concluded that Meyers had committed DUI and had already checked Meyers' prior convictions to <u>know</u> that the offense was Meyers' fourth DUI, a third-degree felony. <u>See</u> § 316.193(2)(b)(3), Fla. Stat. (2013); <u>State v. Woodruff</u>, 676 So. 2d 975, 977 (Fla. 1996). The court correctly noted the elements of felony DUI based on prior convictions: (1) a DUI and (2) prior convictions. <u>See</u> <u>Woodruff</u>, 676 So. 2d at 977; <u>see also</u> Fla. Std. Jury Instr. (Crim.) 28.2 (defining elements of DUI and providing that when proven, an additional instruction is required for element of prior convictions). But the court erred in concluding that the pending DUI charge was governed by the misdemeanor speedy trial clock. While the underlying element of DUI for felony and misdemeanor DUI is the same, the State did not have to prove <u>misdemeanor</u> DUI plus prior convictions such that the DUI would be governed by the misdemeanor speedy trial clock. <u>See</u> <u>Woodruff</u>, 676 So. 2d at 977. Rather, the State had to prove one offense—felony DUI—of which simple DUI is merely one <u>element</u>. <u>See</u> Fla. Std. Jury Instr. (Crim.) 28.2. Thus, the proceedings were governed by the felony clock and not the misdemeanor clock.

The circuit court relied in part on <u>Brady v. State</u>, 934 So. 2d 659, 662 (Fla. 2d DCA 2006). However, <u>Brady</u> is distinguishable. In <u>Brady</u>, the defendant was charged with <u>misdemeanor</u> DUI and separately with felony drug charges. <u>Id.</u> at 661. There, the speedy trial clock ran on the DUI because it was governed by the

misdemeanor clock and not the felony clock based on the State's failure to properly consolidate the DUI with the felony drug charges.  Id. at 662; see Fla. R. Crim. P. 3.191(f) ("When a felony and a misdemeanor are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony." (emphasis added)).  But here, Meyers was charged with felony DUI; he was never charged with misdemeanor DUI.  Thus, unlike in Brady, Meyers' offense was governed by the felony speedy trial clock.  Therefore, Meyers was improperly discharged on speedy trial grounds as to the felony, and we reverse that portion of the circuit court's order.

Reversed in part; affirmed in part.


MORRIS, J., Concurs.
SILBERMAN, J., Concurs in result only.